TOMLINSON *v.* TOMLINSON.

| 3   575|
| 98   156|

Where a party is seeking to set aside an award of arbitrators, the burden of proof is upon him, to clearly satisfy the court of any alleged mistake, and that he was prejudiced thereby; and also to show, that if the mistake had not occurred, the award would have been different.

Where it is sought to set aside the award, on the ground that certain matters were in fact before the arbitrators, within the terms of the agreement, which were not acted upon, or examined by them, the same rule prevails.

Where certain suits between the plaintiff and defendant, then pending in court, were referred to fiv earbitrators, who were to report at the next term, which submission provided, "that all the matters in dispute, including the matters involved in said actions," should be so submitted; and where the arbitrators at the next term of the court, filed their award, finding a certain sum for the plaintiff, "in full payment, discharge, and satisfaction, of all claims and demands growing out of said controversy," and declaring certain notes held by defendant against plaintiff, to be null and void, and ordering the same to be canceled, upon which award the plaintiff moved for judgment; and where the defendant moved to set aside the award, because of the facts stated in the affidavits filed with the motion, viz: that of defendant and one O. which were substantially as follows: That defendant was not aware of the nature of the award, until the day previous; that the arbitrators did not hear all his case; that they especially refused to take into consideration a certain deed from one P. and wife, to the plaintiff, and a letter from the plaintiff concerning the same; that defendant owns the property described in the deed, but the title is in plaintiff, who refuses to convey the same; that certain other real estate in the name of plaintiff, was paid for by defendant, and plaintiff refuses to convey the same; that these matters were among the difficulties existing at the time of agreement to arbitrate; that the arbitrators heard testimony on the subject, and had not reported on the same in their award; that defendant presented to the arbitrators, the said deed and letter; and that one of them had said, "that they did not take said deed and letter into consideration;" and where the letter referred to in the affidavits, was addressed to the justice of the peace, before whom the deed was acknowledged, and instructed the justice to deliver the deed to the defendant, "as he had paid for the land, and the right should be to him for the same;" and where the motion to set aside the award, was overruled, and judgment was rendered on the award; *Held,* That the evidence did not afford sufficient ground to set aside the award, and that the motion was properly overruled.

*Appeal from the Jackson District Court.*

Two actions were pending in the Jackson District Court,

one in favor of Jesse, and the other in favor of Jesse and J. H. Tomlinson, against the defendant. At the April term, 1854, of that court, said causes were, by consent of parties, submitted to certain named arbitrators, who were to report at the next term. The matters submitted, sufficiently appear from the following extract from this agreement to arbitrate: "and that all the matters in dispute, including the matters involved in both of said actions, shall be referred to the arbitration and decision of," [naming the arbitrators.] At the next term, the arbitrators filed their report, finding a certain sum in favor of Jesse Tomlinson, "in full payment, discharge and satisfaction, of all claims and demands growing out of said controversy; and further declaring certain notes held by defendant against the plaintiff, to be null and void, and ordering the same to be delivered up and canceled." Plaintiff moved for judgment on said award, and defendant moved to set the same aside, "because of the facts set forth in the affidavits," filed therewith. These affidavits are substantially as follows: The defendant swears that he was not aware of the nature of the award, until the day previous; that the arbitrators did not hear all his case; and that they especially refused to take into consideration, a certain deed from one Pan and wife to the plaintiff, James H., and a letter concerning the same; that defendant owns the property therein described, but that the title is in James, and he refuses to deed the same; that certain other real estate in the name of Jesse, was paid for by defendant, and that he refuses to convey the same; that these matters were among the difficulties existing at the time of the agreement to arbitrate; and that they did hear testimony on the subject, but have not reported on the same in their award. Accompanying this affidavit, is the deed, and also a letter, from James H. to the justice who took the acknowledgment, in which the justice is instructed to deliver the same to defendant, "as he has paid for the land, and the right should be to him for the same." The deed was made in September, 1851. The letter is dated in October, but the year is not shown. The affidavit of one Ormsby, was also filed, in which he states that

he was present at the time the case was heard by the arbitrators ; that defendant presented to them this deed, and the letter aforesaid; and that one of the arbitrators said to him, that they did not take said deed and letter into consideration. The motion to set aside was overruled, "for want of sufficient notice of same, and for want of good and sufficient grounds therefor." The motion for judgment on the award was sustained, and judgment rendered in each case, in accordance with the finding of said arbitration, and defendant appeals. The errors assigned are:

1. The court erred in overruling the motion to set aside the award.

2. In rendering judgment for the plaintiff on the award.

*Smith, McKinlay & Poor*, for the appellant, cited the following authorities: Code, § 2110; *McNear* v. *Bailey*, 18 Maine, 253; *McDonald* v. *Bacon*, 3 Scam. 429; *Butler* v. *Mayor of New York*, 1 Hill, 489.

*Burt & Barker*, for the appellee, relied upon the following: *Butler* v. *Mayor of New York*, 1 Hill, 489; *Deane* v. *Coffin*, 5 Shep. 52; *Van Landingham* v. *Lowery*, 1 Scam. 240; *Caton* v. *McTavish*, 10 Gill & Johns. 192; *Carter* v. *Sams*, 4 Dev. & Bat. 182; *Harris* v. *Seal*, 10 Shep. 435; *Portland Manuf. Co.* v. *Cox*, 6 Ib. 117; *Gibson* v. *Powell*, 5 Smedes & M. 712.

WRIGHT, C. J.—In the case of *Thompson* v. *Blanchard*, 2 Iowa, 44, we had occasion to speak of what testimony might be received, to affect the validity of the award then in suit. There the question arose as to the *admissibility* of the testimony offered, while in this case, we are asked to determine whether that submitted, is *sufficient* to set aside the award ? It was held in the above case, however, that the whole burden of proof was on the party seeking to set it aside, and that it was his duty to clearly satisfy the court, of any alleged mistake, and that he was prejudiced thereby. We perceive no reason for changing this rule, and least of all,

would we be willing to recognize one less stringent. In these proceedings, the parties select their own judges, and as a mode of settlement, it should receive every reasonable encouragement from courts of justice. And, indeed, we may go further, and say, that a party should not only make out the mistake clearly and fully, and that he was prejudiced thereby, but also show that if it had not occurred, the award would have been different. *Knox* v. *Symonds*, 1 Ves. 369; *Burchell* v. *Marsh*, 17 How. 344. And the same is true, where in the absence of fraud, it is claimed that certain matters were in fact before the arbitrators, within the terms of the agreement, which were not acted upon or examined by them.

The question, then, is not as to the admissibility of evidence of that character, to impeach an award, but whether that offered is sufficient, or whether it satisfies us of such mistake, or neglect of duty, on the part of the arbitrators, as to afford sufficient grounds for setting aside their finding. These cases must for the most part depend upon their own peculiar circumstances, and it is difficult to find any general rule by which they can be determined. But giving due weight to all the circumstances urged by appellants, and treating their affidavits as entitled to all the credibility claimed, we are not satisfied that this award should have been set aside. We know of no rule upon which we would be justified in disturbing it, and there are no circumstances of an equitable character, to satisfy us that the party should be again heard. There is nothing certainly to show fraud, corruption, or improper conduct, on the part of the arbitrators. The only pretence for setting it aside is, that they did not hear certain testimony, or did not adjudicate and report upon a controversy, or perhaps controversies, between the parties touching the right to certain real estate. To sustain this *allegation*, we have the *ex parte* affidavit of the defendant, corroborated in part, by that of one other person. All that is shown with any degree of positiveness, as to the action of the arbitrators is, that one of them said, they did not consider said deed and letter. Why they did not, is not shown, and for aught that appears, they were entirely justified in

Tomlinson v. Tomlinson.

disregarding them. What other testimony they had before them, does not appear. The letter may have been obtained by fraud, and they may have so found; there may have been some subsequent arrangement different in its character, with regard to such property; they may have found that defendant had, after the writing of the letter, been paid the amount claimed to have been advanced by him; and for any of these reasons, as well as many others that will readily suggest themselves, they might have been fully justified in disregarding, or not considering, said deed and letter. To avoid after difficulty and uncertainty in such cases, it is always better that the parties, by their article of submission, should specify particularly what matters are to be passed upon. This method is more apt to protect their several rights and interests, and prevent the very confusion and prejudice, which is claimed to have occurred in this instance. And when they submit *all* matters in difference, as was done in this case, both parties should be required to submit in writing their respective claims, so that in some tangible shape, it may be known what were *all* their differences. In the absence of any showing, that this was done, however, if the arbitrators have found a general sum for one party, or have determined, after hearing the parties, that one of them should do a particular thing, we would be unwilling to interfere with their finding and determination, upon the meagre showing made in this case. *Wellington* v. *Warner*, 10 Metc. 431; *Warfield* v. *Holbrook*, 20 Pick. 531; *Karthans* v. *Fener*, 1 Pet. 227; Story on Cont. § 85 *b*. If their failure to specifically report as to the situation and ownership of the property referred to in appellant's affidavit, shall result in his prejudice, we think such prejudice should be more clearly established, and neglect and mistake on their part, be more fully proved, before we could put the parties to all the expense and trouble of a second investigation. This view of the case, renders it unnecessary to determine whether the motion of appellant to set aside the award in the District Court, was made in time.

Judgment affirmed.