## RATLIFF v. MANN and EDWARDS.

Where a submission to arbitration provided as follows: " Said arbitrators to be governed by the laws in and of Iowa.  And said award of said arbitrators to be a full settlement of the cause of replevin, now agreed to be referred as above to their arbitrament and award;" and where the arbitrators made a report to the district court, finding in favor of the plaintiff as to the property in controversy, and awarding that defend-

Ratliff v. Mann and Edwards.

ant pay all costs; and where in the district court, it was ordered, without any showing against the action of the arbitrators, that the award be recommitted to the arbitrators, "to determine the question of costs' according to the broad principles of right and justice," and thereupon, the arbitrators made a return, awarding one-half of the costs against the plaintiff, one-half against one of the defendants, and releasing the other from all costs; *Held*, That the order of recommitment to the arbitrators was erroneous.

Where arbitrators have determined a question, their decision should stand undisturbed, until it is shown, in some manner, that they have abused the discretion given them by the law, and the agreement of submission.

*Appeal from the Henry District Court.*

WEDNESDAY, JANUARY 6, 1858.

*Arbitration.* — By articles of submission, these parties submitted a certain matter in controversy to arbitrators. The agreement contained this provison : " Said arbitrators to be governed by the laws in and of Iowa. And said award of said arbitrators to be a full settlement of the cause of replevin, now agreed to be referred as above, to their arbitrament and award." The arbitrators made their report to the district court, finding in favor of plaintiff, as to the property in controversy, and awarding that defendants pay all the costs. In the district court, it was ordered that the cause be recommitted to the arbitrators, "to determine the question of costs, according to the broad principles of right and justice." The order was accordingly issued, and to it the arbitrators made a return, awarding one-half the costs against the plaintiff, one-half against the defendant, Edwards, and releasing the other defendant, Mann, from all costs. From these orders, plaintiff appeals.

*F. Semple*, for the appellant.

*E. Phelps*, for the appellee.

WRIGHT, C. J.—It will be observed that the only matter in controversy, was found by the arbitrators in favor of

plaintiff. The question in the case arises upon the order respecting the costs. And we can see no reason why the award, as originally made by the arbitrators on this subject, should have been disturbed. The Code provides that "if there is no provision in the submission respecting costs, the arbitrators may award them at their discretion." Sec. 2113. In this case there was no such provision, except so far as it is to be deduced as a legal conclusion, from the agreement that the arbitrators were to be governed by the laws of this state. If governed by the general law, then, upon final judgment, plaintiff was entitled to full costs. *Hyde* v. *Cole*, 1 Iowa, 106. Of course, this, in no manner, restricts the right of the court to retax costs, in cases where the prevailing party had improperly and unnecessarily made them.

Is there anything to take this case out of the general rule? We think not. The arbitrators award full costs to plaintiff. This they certainly had a right to do. And with this award there should have been no interference, unless there was a clear abuse of the discretion given them by the section before quoted. No showing appears to have been made by the defendants, tending to establish such abuse. The record does not disclose that anything was presented to the court below, but, on the contrary, it would seem that the order of recommitment was made alone from what appeared on the face of the award. This was error. After the arbitrators had determined the question, it should have been permitted to stand undisturbed, until it was, in some manner, shown that they had abused the discretion given them by the law and the agreement of submission.

It is said, however, that the record does not negative the fact that such showing was made. To this, it may be answered, first, that the clerk certifies that the record sent up, contains full copies of all the original papers and docket entries in the case. In the second place, the Code provides, that when an appeal is taken to this court, in this class of cases, all affidavits, as well as the submission and award, shall be returned. Sec. 2112. In the face of the

certificate and this requirement, we certainly could not presume, that the court below acted upon anything less than what has been transmitted to us by the clerk. And especially so, when we consider that it was entirely competent for the appellees to have such supposed omission supplied. We can conceive of no good reason, why the award, as first returned, should not have been adopted. The judgment will, therefore, be reversed, and cause remanded.