## GORHAM v. MILLARD ET AL.

1. **Arbitration and Award**: SETTING ASIDE AWARD: BURDEN OF PROOF. Where parties have submitted their controversy to arbitration, the one who seeks to set aside the award, on the ground of mistake, must not only clearly establish the mistake, and that he was prejudiced thereby, but also must show that if the mistake had not occurred the award would have been different.

*Appeal from Pocahontas District Court.*

WEDNESDAY, APRIL 23.

ON the 24th day of May, 1877, an agreement to submit a controversy to arbitration was duly executed by Benjamin Millard, Fillmore Millard and H. A. Gorham, as follows:

"*Whereas*, a controversy pending between Fillmore Millard and Benjamin Millard and H. A. Gorham, of the town of Fonda, county of Pocahontas and State of Iowa, in relation to a partnership in the mercantile business now existing between them, with a view of dissolving and finally adjusting all matters connected with said partnership, now, therefore, we, the undersigned, Fillmore Millard and Benjamin Millard and H. A. Gorham, aforesaid, do hereby submit the

said controversy, and all matters connected therewith, to the arbitrament of A. J. Whitfield, M. B. Keefer and George M. Dorton, all of the said town of Fonda, or any two of them, and we mutually covenant and agree to and with each other that the award to be made by the arbitrators, or any two of them, shall in all things herein be well and truly kept and observed; provided, however, that the said award be in writing, under the hands of the said A. J. Whitfield, M. B. Keefer and G. M. Dorton, or any two of them, and ready to be delivered to the said parties in difference, or to such of them as shall desire the same, on the 15th day of June next; and it is hereby further agreed by and between said parties that judgment in pursuance of the award may be entered in the District Court within and for the county of Pocahontas, State of Iowa, aforesaid, to the end that all matters now in controversy between them in that behalf shall be finally determined."

On the 4th day of June, 1877, the award of the arbitrators was filed in the office of the clerk of the District Court of Pocahontas county.

On the 11th day of September, 1877, Fillmore Millard filed a motion to set aside the award. The court sustained the motion, and ordered that the matter be re-submitted to the arbitrators.

On the 31st day of January, 1878, the arbitrators made the following report, duly signed by all of them:

"And now, on this 31st day January, 1878, this case coming on for further hearing, the following proceedings were had: Present, A. J. Whitfield, M. B. Keefer and George M. Dorton.

"H. A. Gorham appeared by counsel, Charles D. Goldsmith, and Fillmore Millard by counsel, —— Lee.

"Now know ye that we, the arbitrators mentioned in the said submission, and the matters of arbitration having been re-submitted by order of his honor, E. R. Duffie, Judge of the District Court in and for the county of Pocahontas and State of Iowa, and having heard the allegations of the parties, and

having examined into the affairs in controversy of said parties, and hearing the testimony, do make this award in writting, and find that Benjamin Millard has invested in the partnership the sum of sixteen hundred and seventy dollars and eighty-six cents ($1,670.86); that Fillmore Millard has invested in the partnership the sum of eight hundred and twenty-two dollars and fourteen cents ($822.14); and H. A. Gorham has invested in the partnership the sum of seven hundred and twenty-six dollars and fifty-nine cents ($726.59); that under an agreement of the above-named parties to dissolve the partnership, and that the said Fillmore Millard and Benjamin Millard shall continue in the business, and take control of the entire amount of the assets of the firm, the said Fillmore Millard and Benjamin Millard now have in their hands the sum of five thousand three hundred and seventy-nine dollars and forty-two cents ($5,379.42); that H. A. Gorham has in his hands the sum of ―― dollars; that under said agreement said Benjamin Millard and Fillmore Millard are jointly entitled to two thousand four hundred and ninety-three dollars ($2,493), and that H. A Gorham is entitled to the sum of seven hundred and twenty-six dollars and fifty-nine cents ($726.59), and that the said Benjamin Millard and Fillmore Millard have in their hands property in the amount of seven hundred and twenty-six dollars and fifty-nine cents ($726.59) belonging to H. A. Gorham.

"We find that H. A. Gorham is entitled to, and the said Fillmore Millard and Benjamin Millard shall pay or cause to be paid to, the said H. A. Gorham the sum of seven hundred and twenty-six dollars and fifty-nine cents ($726.59), and interest thereon at the rate of ten per cent per annum from May 24, 1877; and that the said Benjamin Millard and Fillmore Millard shall retain the property in their hands under their agreement in full satisfaction of their claims; and that said H. A. Gorham shall have possession and right of control as a partner in said partnership until the said Benjamin Millard and Fillmore Millard shall have accepted this award

in writing and filed said acceptance in writing with the recorder of deeds for record in the county of Pocahontas and State of Iowa. Costs taxed equal among the three parties."

On the 26th day of January, 1878, Benjamin Millard filed a motion to set aside the report of the arbitrators and for their discharge. The court overruled this motion, and rendered judgment on the award in favor of plaintiff and against the defendants for seven hundred and twenty-six dollars and interest. The defendants appeal.

*N. B. Hyatt,* for appellants.

*J. A. O. Yeoman,* for appellee.

Day, J.—The motion to set aside the award of the arbitrators was supported by an affidavit of the attorney of defendants, as follows:

"I, T. Q. Lee, being duly sworn, on oath say that I was of counsel for Benjamin Millard and Fillmore Millard in the matter of arbitration between B. Millard, F. Millard and H. A. Gorham, tried before A. J. Whitfield, George M. Dorton and M. B. Keefer, arbitrators thereon, on the 31st day of January, 1878; that as counsel for B. Millard, for and in his behalf, I presented his claims against F. Millard and H. A. Gorham, as follows:

1. ARBITRA-TION and award: setting aside award: burden of proof.

"Claimed judgment for the sum of one thousand five hundred and forty-two dollars and twenty-eight cents as money loaned to said F. Millard and H. A. Gorham; also—

"Claimed as interest due on said loan, - $72 97
"Claimed on rent of building, - - - 45 61
"Claimed on insurance as per contract, - 10 00

"I also presented a claim of B. Millard against H. A. Gorham for rent of dwelling, eleven dollars and ninety-one cents, and in support of all of said claims I offered in evidence the contract in writing made by the parties to said arbitration and under which they had been doing business, out of which the

matters of difference herein arose, and also the testimony of B. Millard, H. A. Gorham and F. Millard. A copy of said contract is hereto attached, to which attention is particularly called. That the amounts of indebtedness upon each of said claims for loaned money, interest, rent, insurance, etc., as proved and admitted by the parties to said arbitration, were the amounts set opposite each of said. claims above. All of said evidence as offered was admitted by said arbitrators. I also offered in evidence the contract hereto attached, marked 'A,' and also the testimony of H. A. Gorham and other witnesses, to prove that said B. Millard was not a partner in said firm, but simply a creditor thereof—the same being a matter of difference between the parties—and said evidence was admitted by said arbitrators.

"It was also a matter of difference between the parties to said arbitration what was the amount in value of the goods on hand of the firm of Millard & Gorham, reckoning said value from the cost price on said goods; and the testimony of F. Millard was taken upon said matter of difference, and the cost price of said goods, according to the testimony of said witness, as reckoned by me from the amounts named by him, was in the aggregate of three thousand five hundred and fifty-one dollars and fifty-nine cents, less an amount of thirty-one dollars and nineteen cents, which was admitted by all · the parties to be overcharged, and no other witness was examined in relation to the costs of said goods. It was also a matter of difference between the parties what amount of money had been collected on the notes and accounts belonging to said firm, and the testimony of F. Millard was taken upon said matter of difference, and by his testimony, which was not rebutted or denied, it appeared that there had been so collected thereon as follows:

"Collection on accounts of firm of Millard & Gorham, - - - - $690 47

"Collection on notes of firm of Millard & Gorham, - - - - 254 77

"The value of the notes and accounts uncollected was also in difference, and the testimony of H. A. Gorham and F. Millard was taken upon said question, and the value of said accounts uncollected, according to the testimony of H. A. Gorham, was as follows :

"Value of uncollected accounts,     -     -     $426 30
"Value of uncollected notes,     -     -     93 49

"And the value of said notes and accounts belonging to said firm, according to the testimony of F. Millard, was nineteen dollars and sixty-six cents less than that as fixed by H. A. Gorham. It was also agreed by and between the parties, at the time of such trial, that H. A. Gorham had received of the firm the sum of three hundred and seventy-nine dollars and fifty-three cents ($379.53,) and that F. Millard had received in like manner two hundred and ninety-three dollars and seventy-eight cents ($293.78), and that none of said money had been returned.

"It was also shown by the testimony of F. Millard, and H. A. Gorham admitted, that the liabilities of the firm, other than that owed by them to B. Millard, amounted in the aggregate to two thousand one hundred and forty-nine dollars and sixty-three cents, for which amount B. Millard was, under the contract herein referred to, liable to pay.

"It was also a matter of difference between the parties what the cash or actual value of the goods belonging to the firm of Millard & Gorham was, and testimony was admitted upon said matter of controversy, but as the testimony was conflicting I am unable to state any amount thereon; that it was my understanding at the time of the final submission of the case that the figures above given by me were agreed to be correct, and that the arbitrators should so consider them."

The affidavits of Benjamin Millard and of Fillmore Millard, of similar import, were also submitted.

We think these affidavits do not require nor even authorize the setting aside of the award. The record does not set forth the evidence upon which the arbitrators acted. It may be

that the defendants' attorney made before the arbitrators the claims set forth in the affidavits, and that the matters therein referred to were matters of difference between the parties, and that evidence was introduced establishing the items of account as set forth. And yet, for aught that appears, the arbitrators acted upon all these matters, and there was evidence introduced fully justifying their ultimate finding that H. A. Gorham is entitled to the sum of seven hundred and twenty-six dollars and fifty-nine cents as his full share of the partnership property. In *Tomlinson v. Tomlinson*, 3 Iowa, 575, a case in many respects similar to the one at bar, referring to the case of *Thompson v. Blanchard*, 2 Iowa, 44, it is said: "It was held in the above case that the whole burden of proof was on the party seeking to set it (the award) aside, and that it was his duty to clearly satisfy the court of any alleged mistake, and that he was prejudiced thereby. We perceive no reason for changing this rule, and least of all would be willing to recognize one less stringent. In these proceedings the parties select their own judges, and as a mode of settlement it should receive every reasonable encouragement from courts of justice. And, indeed, we may go further, and say that a party should not only make out the mistake clearly and fully, and that he was prejudiced thereby, but also show that if it had not occurred the award would have been different. *Knox v. Symonds*, 1 Ves., 369; *Burchell v. Marsh*, 17 How., 344. And the same is true where, in the absence of fraud, it is claimed that certain matters were in fact before the arbitrators, within the terms of the agreement, which were not acted upon or examined by them." See, also, *Tomlinson v. Hammond*, 8 Iowa, 40; *Ratliff v. Mann & Edwards*, 5 Iowa, 423.

It is urged by appellant that there is nothing whatever upon which to base the assumption that Benjamin Millard is a partner in the firm of Millard & Gorham. At the same time the affidavit states that it was a matter of difference between the parties whether Benjamin Millard was a partner in the firm or

simply a creditor thereof, and it is not shown nor claimed that the abstract presents all the evidence upon which the arbitrators acted. Besides, the agreement for submission to arbitration states that a controversy is pending between Fillmore Millard, Benjamin Millard and H. A. Gorham in relation to a partnership in the mercantile business existing between them, and that the submission is with a view of dissolving and finally adjusting all matters connected with said partnership. It is very clear that in this state of the record we cannot say that the arbitrators had nothing upon which to base an assumption that Benjamin Millard was a partner in the firm.

It is urged further that in the award it is assumed that under the agreement to submit to arbitration Fillmore Millard and Benjamin Millard should continue the business and take control of the entire assets, and that there is nothing in the agreement to arbitrate upon which to found such a conclusion. The award does not assume that the agreement of submission contains any such provision. It refers to *an* agreement of the parties as containing such provision, but does not necessarily refer to the agreement of submission. The record discloses nothing which requires that the award should be disturbed.

AFFIRMED.