## THORNTON v. McCORMICK.

1. **Arbitration and Award:** NOT STATUTORY: GOVERNED BY COMMON LAW. The legality and effect of an award not made in accordance with the provisions of the statute must be determined by the rules relating to awards at common law.

2. ————: CONCLUSIVENESS OF AWARD. A common-law award must be held to be conclusive between the parties as to all matters submitted to arbitration, unless a material mistake appears on the face of the award, or unless equitable grounds for setting it aside are shown. And where both parties have agreed to abide by the judgment of the arbitrators as it should appear in the award, neither can afterwards object to the award on account of errors of judgment on the part of the arbitrators.

3. ————: CONSTRUCTION OF AGREEMENT. The agreement for arbitration in this case related to the rights of the parties under a farm lease, which by its terms was to terminate March 1, 1891, but which, by the agreement, was to terminate July 1, 1887. The lease provided that at its termination, at the end of the full term, plaintiff was to leave upon the premises hay, oats, corn, and other articles, equal in quality and amount to that received by him at the beginning of the term; and the agreement for arbitration provided that the rights of the parties to the lease should be the same as though it had terminated regularly. *Held* that the agreement did not contemplate that the place and property should be left July 1, 1887, in the same condition in all respects as the lease required for March 1, 1891, since that was not possible; but only that this provision of the lease should be considered by the arbitrators, and allowance made therefor.

4. ————: SUBMISSION AT COMMON LAW: AWARD AGAINST EVIDENCE: REVIEW. The parties in this case saw fit to submit their claims and differences to a tribunal of their own creation, which they invested with exclusive jurisdiction, free from statutory control, and they made the decision of that tribunal final. *Held* that the award could be set aside only upon equitable grounds, and that the want of sufficient evidence to sustain it was not such ground. Accordingly, where the agreement of arbitration did not require witnesses to be sworn, the fact that the arbitrators gave more credence to the unsworn statements of plaintiff than to writings offered by defendant was no ground for disturbing the award.

5. ————: ASSAILING AWARD AFTER ACCEPTING BENEFITS. One who has accepted the benefits of an award in part cannot be heard to object to its validity.

Thornton v. McCormick.

*Appeal from Palo Alto District Court.*—HON. GEORGE
H. CARR, Judge.

FILED, OCTOBER 2, 1888.

ON the twenty-second day of January, 1886, the
defendant leased to plaintiff a farm in Palo Alto county
for the term of five years, commencing on the first day
of March, 1886, and also a quantity of personal property,
consisting in part of agricultural implements, stock, hay
and grain. On the seventh day of June, 1887,
these parties entered into an agreement, the parts of
which material to a determination of this case are as
follows: "Whereas controversies exist between us,
Charles McCormick and J. R. Thornton, of Palo Alto
county, Iowa, in relation to divers matters growing out
of, or in some way connected with, the relation of land-
lord and tenant between us, under a certain agreement
of lease dated the twenty-second day of January, A. D.
1886, and which said lease, it is agreed between the par-
ties, shall now terminate and end, and the rights of the
parties under said lease shall be the same as provided
therein at the regular end or termination thereof: now,
therefore, we, the undersigned, Charles McCormick and
J. R. Thornton, do hereby agree to submit all and every
matter of difference between us, under said contract or
otherwise, to Alexander Sims, Thomas Lane and Joseph
S. Atkinson, of Palo Alto county, who shall meet at
Emmetsburg, at such time and place as they shall select,
and who shall arbitrate, award, adjudge and determine
such matters as either of us may in writing present to
said arbitrators for their consideration, with power to
said arbitrators to call in and examine witnesses on such
points as they may think necessary, and award the costs
of same to the party calling such witnesses; and each
party must present all matters which he has against the
other to the said arbitrators in writing, or be forever
barred and estopped from making any further or other
claim; and said arbitrators shall make their report,
specifying the items allowed to each, and the items

claimed by each, respectively, which are rejected, and, after offsetting the claims allowed to the one against the other, shall award to that one in whose favor the balance is found such sum as they shall find and determine to be his due against the other, to be paid and payable within sixty days from the time said arbitrators shall make their award ; and said arbitrators shall also by their said award fix and determine the time at which possession of said farm and property shall be given to the said Charles McCormick ; and such award shall be made in duplicate, and one copy delivered to each of the undersigned. * * * And the undersigned do mutually covenant and agree to and with each other that the award to be made by the arbitrators, or by any two of them, shall, in all things, by us and each of us and our personal representatives, be well and faithfully kept, observed and performed, provided that such award be made in writing, under the hands of said arbitrators, or any two of them, and be delivered to us personally, or forwarded to us by mail, on or before the thirtieth day of June, 1887.'' The arbitrators rendered their award in writing on the twenty-first day of June, 1887, and thereby determined that defendant should pay to plaintiff $149.47, and that certain stock and poultry should be divided according to a plan therein specified. It appears that the property was divided according to the award. This action is brought to recover the amount of recovery named in the award, and eight dollars, alleged to be due the plaintiff in a division of cattle, made pursuant to the award. The defendant set up an equitable defense in his answer, and asks that the award be set aside, and that the court examine the claims and demands of the parties, and make such settlement as shall be equitable, and render judgment accordingly. A demurrer to the answer was sustained. The defendant electing to stand on his answer, judgment was rendered in favor of plaintiff for $151.50 and costs. Defendant appeals.

*Soper & Allen,* for appellant.

*Clarke & Call,* for appellee.

ROBINSON, J.—The agreement to arbitrate in terms provided for the settlement of all matters of difference

**1. ARBITRATION and award : not statutory: governed by common law.**

between the parties, but did not authorize the enforcement of the award, which should be made by the judgment of a court. The award in question was not made in accordance with the provisions of the statute relating to arbitration, and is not, therefore, governed by them, but its legality and effect must be determined by the rules relating to awards at common law. *McKinnis v. Freeman*, 38 Iowa, 366 ; *Burroughs v. David*, 7 Iowa, 159.

I. It is insisted by appellant " that the proceedings of said arbitrators were unfair, unjust and illegal, in

**2. ——: conclusiveness of award.**

this, that they ignored all matters, contracts, and written evidences of debt, and payment which was made by this defendant, and upon which he relied, both to substantiate his claims, and defend himself against the claims of this plaintiff, and accepted as true the loose, verbal statements of the plaintiff with regard to the matters in controversy, and did not require him to substantiate the same by his oath or otherwise ; no witness having been examined under oath. That his statements taken and received by said arbitrators as aforesaid were in many particulars incorrect, false,—willfully so,—and that said arbitrators, with more credulity than judgment, made up the base of their findings thereon. That the same are full of mistakes and inaccuracies.'' We understand the rule to be that an award of this kind will not be set aside for error in the judgment of the arbitrators, nor for a mistake which would not have had any material influence on the arbitrators in reaching their conclusions. To justify the interference of a court, there must be a showing of fraud, corruption, partiality, or misconduct on the part of the arbitrators, or some fraud on the part of the party relying upon the award, or a material mistake which entered into it. *Burroughs v. David*, 7 Iowa, 159 ; *Boston Water-Power Co. v. Gray,*

6 Metc. 165 ; *Alken v. Bolan*, 1 Brev. 239 : *Bumpass v. Webb*, 4 Port. [ Ala.] 65. Some cases hold that, when the law and the facts are left to the decision of the arbitrators, their award will not be set aside for a mistake, unless it is shown on the face of the award. *Jones v. Boston Mill Corp.*, 6 Pick. 156 ; *Boston Water-Power Co. v. Gray, supra ;* 6 Wait, Act. & Def. 530 ; *Pleasants v. Ross*, 1 Wash. [ Va.] 156 ; *Jocelyn v. Donnel*, Peck [ Tenn.] 274. We are of the opinion that a common-law award must be held to be conclusive between the parties as to all matters submitted to arbitration, unless a material mistake appear upon the face of the award, or unless equitable grounds for setting it aside are shown. When an award is questioned on equitable grounds the pleading attacking it should allege facts, as distinguished from legal conclusions, which show that it should be set aside. In this case the answer charges mistake and wrongful conduct on the part of the arbitrators, and many alleged errors are set out. In reviewing the decision of the court below, we must consider the pleadings as a whole ; and we find that many of the matters of which appellant complains are at most but errors of judgment. Both parties agreed to abide by the judgment of the arbitrators as it should appear in the award. Neither can now be heard to complain because it is not what he had hoped it would be.

II. Appellant places special stress upon the facts that the lease provided that at its termination at the end of the full term plaintiff was to leave upon the premises hay, oats, corn, and other articles, equal in quality and amount to that received by him at the beginning of the term ; and the agreement for arbitration provided that the rights of the parties to the lease should be the same as though it had terminated regularly ; that the value of property equal in quality and amount to that received by plaintiff was, on the first day of July, 1887, the date fixed by the arbitrators for the surrender of the farm

3. ——: construction of agreement.

and other property, equal to $429.52, yet the arbitrators divided it between the parties, allowing defendant but $199.15 therefor.    It is evident that the agreement for arbitration did not contemplate that the place and property should be left on the first day of July, 1887, in all respects as the lease required for the first day of March, 1891.    That was not possible; but we think the clause of the agreement referred to was designed to require that the obligations created by the lease should be considered in connection with other matters of difference between the parties, and that allowance therefor should be made.    The amount of property of the kind which was left on the farm was not equal in quantity to that received by plaintiff, and a money allowance was therefore necessarily made.    The answer charges, in effect, that this allowance was not large enough. Whether it was or not depends upon the evidence. That is not before us, and could not be weighed if it were.    *Jocelyn v. Donnel, supra; Bumpass v. Webb, supra.*

III.    Appellant claims that the arbitrators ignored all written contracts and written evidences of debt and

4. ——: submission at common law: award against evidence: review.

payment held by him, and accepted in lieu thereof the unsworn statements of plaintiff. The agreement of arbitration did not require that witnesses be sworn.    The contracts and evidences of debt and payment referred to are not specified, hence we cannot determine whether or not it was error to reject them.    But taking the statements of the answer together, it appears that what the arbitrators did was to give more credence to the oral and unsworn statements of plaintiff than to writings offered by defendant.    This was certainly within the power of the arbitrators, so far as the answer shows, and their action was final.    The answer is chiefly in the nature of an application for a new trial, based upon alleged insufficiency of the evidence to support the award.    But the parties saw proper to submit their claims and differences to a tribunal of their own creation, which they invested with exclusive jurisdiction,

free from statutory control. They made the decision of that tribunal final, in the absence of equitable grounds for setting it aside, and a lack of evidence is not one of these.

IV. Another objection to granting appellant the relief he demands is that he has accepted the provisions of the award in part. The pleadings show that the farm has been surrendered, and the stock divided. So far as shown, the defendant has accepted all the benefits given to him by the award. Having done this, he cannot be heard to say that it is illegal. See *County of Buena Vista v. Iowa Falls & S. C. Ry. Co.*, 55 Iowa, 160, and cases therein cited. The award was an entirety. We conclude that appellant has failed to show any sufficient ground for setting aside the award. The judgment of the district court is therefore

AFFIRMED.

5. —— : assailing award after accepting benefits.