T. J. TURNER, Appellee, v. HARTFORD FIRE INSURANCE COMPANY, Appellant.

**APPEAL AND ERROR:** Matters Reviewable—Sufficiency of Record.
1  Complaints that certain things were done and others omitted cannot be considered on appeal, where record does not show them.

**ARBITRATION AND AWARD:** Submission—Notice of Meetings—
2  Introduction of Evidence. Under an agreement to submit to arbitrators the question as to the damage done under an insurance policy, under the provision that they should appraise and ascertain the actual cash value of loss by lightning, there was nothing involved but their personal investigation, and the parties were not entitled to notice of meeting, or to an opportunity to present evidence, nor were the arbitrators bound to hear evidence.

**TRIAL:** Review—Finding of Court—Applicability to Evidence. A
3  finding of the court that the appraisers, in arriving at award, did not take into consideration the condition of plastering, followed by the further statement that they made the award on the theory that lightning had nothing to do with the condition of the plastering, is not a finding that they failed to investigate the condition of the plastering, but rather that, on some consideration, they found that the condition of the plaster was not due to lightning.

**ACTIONS:** Arbitration and Award—Trial on Law Side—Defense of
4  Arbitration Award in Law Action. Where suit was brought at law by insured for damages on an insurance policy, and as a bar to his recovery the insurance company urged on the law side that there had been an accord and satisfaction by an award,

the law court could determine whether the award pleaded in the law action stood in the way of a recovery in that action.

**TRIAL:** Trial on Law Side—Waiver of Objections. Where, in an action brought at law by an insured for damages from lightning, the insurer urged on the law side that there had been an accord and satisfaction by award of arbitrators, and, upon the filing of insured's reply, the insurer knew that an attempt was being made to litigate the validity of award on the law side, and made no objection or challenge to the reply or its form, and made no motion to transfer to equity, he conceded that the said issue should be determined by a court not sitting as an equity court; and an objection made at the trial on insurer's part to testimony, that it could not be received because there had been a binding appraisement, was an admission that it was competent for the court to determine whether or not the appraisement and award were binding.

**ARBITRATION AND AWARD:** Setting Aside—Jurisdiction of Court—Gross Mistake. The award of arbitrators should not be set aside because the arbitrators ignored evidence or erred in honest judgment, or because the award found lacked sufficient evidence to support it; but gross mistake, strongly proved, will avoid an award of arbitrators, and this avoidance does not depend upon showing mistakes to the arbitrators on a rehearing before them, but can be found by the court.

**PLEADING:** Reply—Insufficiency—Waiver by Failure to Object. By failure to interpose any objection to reply of plaintiff that award of arbitrators was so grossly inadequate as to make said award null and void, defendant conceded in the trial court that, if it were duly proved that the award was inadequate, plaintiff would thereby avoid the award.

**ARBITRATION AND AWARD:** Setting Aside—Jurisdiction of Court—Gross Inadequacy—Partisan Arbitrators. A clearly proven gross inadequacy ordinarily gives power to the court to disregard the award of arbitrators, there being a presumption that the arbitrators were partisan; and it can be set aside for partiality.

**APPEAL AND ERROR:** Review—Sufficiency of Evidence—Inadequate Award of Arbitrators. In an action for insurance from loss by lightning, with defense of award by accord and satisfaction, evidence held sufficient to support finding of trial court that damages to the plaster of the building were in the sum of $850, and that an award of arbitrators of $150 damages to the whole building was grossly inadequate. Principle recognized

that, although every presumption will be indulged in favor of the award, on trial of a question on the law side, where the issue is properly before the court, its findings have the effect of a verdict of the jury, and every reasonable presumption is indulged for the action of the trial court thereon; and that, on review, the Supreme Court cannot disturb the action of the trial court below unless it can be said, as a matter of law, that the finding of the trial court lacks such support as the laws of evidence demand.

EVIDENCE: Reception of Evidence—Opinion Evidence—Value of Building—Restoration by Repairs. It can fairly be said that a witness, asked to say how much a building was worth just before it was struck by lightning and how much it was worth just after it was struck, is called upon to base his answer on the cost of restoration; and, if the party against whom this evidence was put in has any doubt whether the opinion is based upon such cost, the remedy is not by objection, but by proper cross-examination.

APPEAL AND ERROR: Reception of Evidence—Harmless Error— Damage to Building—Cost of Restoration. Even if the true rule of damages was the cost of restoration, it was harmless error to permit witnesses to testify as to the value of the building before and after it was struck by lightning, where the difference in value before and after being struck was not substantially different from the cost of restoration, as testified to by other witnesses.

*Appeal from Appanoose District Court.*—SENECA CORNELL, Judge.

MAY 6, 1919.

SUIT at law on an insurance policy for damages alleged to have been done to a building by lightning. One defense was by pleading, in answer filed on the law side, that there had been a common-law arbitration; that the award resulting was conclusively binding on the parties; and that tender of the amount awarded had been duly made and kept good. A reply to this answer, also filed on the law side, urged various avoidances to said award, and made the ultimate claim that the same is null and void. The case was tried to the court without a jury. From judg-

ment on the policy for a sum larger than the amount fixed
in the award, the defendant appeals.—*Affirmed.*

*Parker, Parrish & Miller,* for appellant.

*Townsend & Miller, J. R. Price,* and *Porter & Green-
leaf,* for appellee.

SALINGER, J.—I. Many attacks upon the appraisement
and the award are grounded upon assertions that certain
things were done and others omitted.   If it be assumed
that doing and not doing these things would
constitute valid objections, these attacks
are futile, because the record does not show
that these things were done or not done.

1. APPEAL AND
ERROR: mat-
ters reviewa-
ble: suffi-
ciency of
record.

II.   One attack is that no notice of the
time and place of the meeting of the two original arbitra-
tors was ever given to plaintiff.   Another and related at-
tack is that he was never given an opportunity to offer or
present evidence to sustain his claim.   Still
another is that the arbitrators heard no
evidence to enable them to arrive at any
decision as to the amount of damage sus-
tained by plaintiff.   The agreement to sub-
mit to the appraisers provided that they
should appraise and ascertain actual cash value and direct
loss by lightning.   This invoked nothing but their personal
investigation.   They were not bound to take testimony, and
it will not set the award aside that they did not give said
notice, and failed to hear witnesses.   See *Thornton v. Mc-
Cormick,* 75 Iowa 285.

2. ARBITRATION
AND AWARD:
submission:
notice of meet-
ings: introduc-
tion of evi-
dence.

III.   The plaintiff alleged that the award was void,
among other reasons, because the arbitrators had wholly
neglected to investigate whether the plaster in the building

had been damaged by lightning, and had

**3. TRIAL: review: finding of court: applicability to evidence.**   given that item of damages no consideration whatever.   The main support for this contention is the argument that the court found there was such omission to consider.

It is recited in said finding "that the persons selected to appraise the damages did not take into consideration the condition of the plastering." If this were all, it would be a finding that the appraisers were guilty of the omission charged. But this is not all. It is immediately followed by the further statement that the appraisers "made the appraisement on the theory and believing that the lightning had nothing to do with the condition of the plaster." Taken altogether, this is not a finding that the appraisers neglected to investigate whether lightning had damaged the plaster, but that, on some consideration, they reached the conclusion that the condition of the plaster was not due to lightning.

IV. Was it error to try the validity of the award on the law side?

We said, in *Tomlinson v. Tomlinson*, 3 Iowa 575, that certain things urged will not avoid an award where "there are no circumstances of an equitable character to satisfy

**4. ACTIONS: arbitration and award: trial on law side: defense of arbitration award in law action.**   us that the parties should be again heard," and in *Burroughs v. David*, 7 Iowa 154, at 158, that courts have but little power over common-law arbitrators; that this is especially true of the courts of law, because "nearly all the authority which does exist

in regard to them resides in courts of equity;" that it has been held, in many cases, that "evidence of mistakes in an award cannot be given in a court of law;" that, if certain matters are receivable to impeach the conduct of the arbitrators, these are available "perhaps only in equity," and are ordinarily not receivable in a court of law; and that,

"even where the courts have interposed, it has generally been by those which proceed upon the principles of equity, because the relief sought is usually obtainable only through the medium of these principles." In *Thornton v. McCormick*, 75 Iowa 285, we held that such an award as was made in that case must be held to be conclusive, unless, for one thing, "equitable grounds for setting it aside are shown;" and that, "when an award is questioned on equitable grounds, the pleading attacking it should allege facts as distinguished from legal conclusions which show that it should be set aside." Appellants may fairly claim that, at the time these decisions were made, this court was inclined to hold that, if the award might be avoided at all, it should be upon an exhibition of equitable circumstances justifying the setting aside of the award, and that relief on that ground was not to be had on the law side. Proceeding upon this premise, the appellants urge that, unless a fatal defect appears on the face of the award, an attempt to impeach same cannot be entertained on the law side, because such impeachment of an award is of equitable cognizance only. We are inclined to hold, on the authority of *In re Receivership of Magner*, 173 Iowa 299, Div. 3, beginning at page 315, that this position is not well taken. We there held that, since both the law and the chancery jurisdiction are exercised by the same court, that when, in an action properly begun at law, an emergent issue is presented which would be of equitable cognizance if presented by an original suit, the law court may settle such emergent issue without adjourning the hearing at law and having said issue presented to itself sitting as an equity court. The concrete situation is this: Plaintiff rightly brought his suit on the law side. As a bar to his recovering, the defendant urged on the law side that there had been accord and satisfaction by means of an award. We hold that, if it be assumed an original suit to set aside this award should

have been in equity, yet the law court could determine whether the award pleaded in the law action stood in the way of a recovery in the law action.

Be that as it may, appellant may not now urge that the avoidance of the award should have been tried out as an equitable issue. When plaintiff filed his reply, defendant knew as well then as it knows now that an attempt was being made to litigate the validity of the award on the law side. If that is objectionable now, it was objectionable then. The reply was in no manner challenged. No complaint of the forum was made, nor motion to transfer. It seems to us we must hold that, in these circumstances, the appellant conceded that the issue should be determined by a court which was not sitting as an equity court. Further support of this conclusion is afforded by the fact that, when plaintiff offered testimony tending to show what damage he had, in fact, sustained, one objection interposed was that such testimony should not be received, because there had been an appraisement which was binding upon the parties. This amounted to a declaration on part of defendant that it was competent for the court to decide whether or not the appraisement and award were binding. We conclude appellant may not now urge that the relief granted the appellee should not have been given on the law side.

V. This narrows the main contention on this appeal to the assertion that, even if the law court had power to act, it erred in using that power to nullify the award.

It may be conceded that the award should not be set aside merely because the arbitrators ignored evidence; nor merely because it may be found it lacked sufficient evidence to support it; nor merely because the arbitrators fell into what is no more than honest error

5. Trial: trial on law side: waiver of objections.

6. Arbitration and award: setting aside: jurisdiction of court: gross mistake.

in judgment. *Thornton v. McCormick,* 75 Iowa 285; *Burchell v. Marsh,* 17 How. (U. S.) 344, 349. It may be conceded that an attack upon the award may not, in effect, be an application for new trial, or an appeal. *Thornton v. McCormick,* 75 Iowa 285. It may further be conceded that, where both law and fact are submitted to the arbitrators, that their award is conclusive. *Thornton v. McCormick,* 75 Iowa 285. But it is a sufficient answer to say that the agreement to submit to arbitration which we have before us was not an agreement to submit both law and fact. The submission was limited to ascertaining and fixing the amount of the sound value and of the direct loss and damage by the lightning.

All these concessions made, does it follow that the award at bar is conclusive? The award was disregarded for mistake. The position of appellant is that no court may set aside an award for "mistake." It may be conceded the chancellor may not substitute his judgment for that of the judges chosen by the parties, and that the award should be the end of litigation, rather than its commencement (*Burchell v. Marsh,* 17 How. [U. S.] 344, 349); conceded that the "mistake" which will set aside the award is not made out by the fact that the court differs in opinion with the arbitrators (5 Corpus Juris 179). It is true the power to interfere with a common-law award has been much limited, and that strong proof is required. But with one exception, we have been unable to find any holding that *no* mistake shown on judicial review will avoid the award. In *Knox v. Symonds,* 1 Vesey 369, it is ruled that even gross mistake, clearly proved, will not avail unless such mistake is made out "to the satisfaction of the arbitrators." We think the weight of authority sustains the *Knox* case, in so far as it holds that gross mistake, strongly proved, will avoid an award, but that neither on reason or authority should relief for such mistake depend upon satisfying the

arbitrators of it on an application to them for a rehearing. We are satisfied that *some* material mistakes prejudicial to the party complaining will justify the court in disregarding the award. The *Thornton* case, 75 Iowa 285, goes at least as far as holding that an award may be avoided for "a material mistake which entered into" the award itself; or a mistake which naturally had a material influence in shaping the conclusions reached by the arbitrators. In *Thompson v. Blanchard,* 2 Iowa 44, the court rejected testimony tending to show that a material mistake had been made, and it seems to have acted on the theory that the award could not be impeached except for fraud. In reversing, we held that the impeachment was not limited to fraud, and that an award might be avoided if the arbitrators "shall commit such material errors or mistakes as prejudice either party." We added that it could no longer be doubted that this was the well-settled rule in this country. The case approved a declaration in Greenleaf to the effect that the award may be impeached if it be shown "there is a mistake in such an award." This position is given some support in *Adams v. New York F. Ins. Co.,* 85 Iowa 6. We further said, in *Tomlinson v. Tomlinson,* 3 Iowa 575, that "these cases must, for the most part, depend upon their own peculiar circumstances, and it is difficult to find any general rule by which they can be determined."

Concede, for the sake of argument, that gross inadequacy alone will not justify the interference of the court. What is to be done with the reply of the plaintiff, which was in no manner challenged? It asserts that no adequate examination was made by the arbitrators; that matters that should have been considered were not considered; and that matters which should not have been considered, were. This the pleader styles misconduct. Upon that basis, he asserts "that the award of said arbitra-

7. PLEADING: reply: insufficiency: waiver by failure to object.

tors, because of the misconduct of said arbitrators, is so grossly inadequate as to make said award null and void." If gross inadequacy will not justify a disregard of the award, that was as much the law when plaintiff pleaded such inadequacy as one basis for disregarding the award as it is now, when we are reviewing the action of the trial court. By failure to interpose any objection to this plea, the appellants conceded in the trial court that, if it were duly proved the award was inadequate, plaintiff would thereby avoid the award. Without reference to this estoppel, it is thoroughly well settled that a clearly proved gross inadequacy ordinarily gives power to disregard the award. Where the award is grossly inadequate, a presumption is raised that the arbitrators were partisan, and that the award may be set aside because of partiality. See *Thornton v. McCormick*, 75 Iowa 285, and *Vincent v. German Ins. Co.*, 120 Iowa 272, 277. In *Gorham v. Millard*, 50 Iowa 554, it is indicated that, if an ultimate finding is not fully justified by the evidence, and it be clearly proved that there is a gross mistake, the award will be subject to judicial review. While it is said, in *Burroughs v. David*, 7 Iowa 154, at 158, that the courts have little authority over common-law arbitrations and arbitrators, it is, to say the least, strongly indicated that, in some forum, the award may be avoided if it be shown that the arbitrators were guilty of gross partiality. Why should that not be so? In the case at bar, the allowance was $150, all for items exclusive of injury to plaster. Suppose it were admitted that the plaster was damaged to the extent of $1,000. Would there be no power to interfere, where it was admitted that not a penny is awarded for that injury, and where, with damage amounting to $1,000, the award is but

8. ARBITRATION AND AWARD: setting aside: jurisdiction of court: gross·inadequacy: partisan arbitrators.

9. APPEAL AND ERROR: review: ·sufficiency of evidence: inadequate award of arbitrators.

$150, fixed at that sum by a captious failure to award any-
thing for a damage of $850? To be sure, there is here no
such admission. But a finding on proper evidence that this
$850 is due is, for the purpose of settling whether there
should be an interference, as potent as such admission
would be. While there is no such admission as we have
illustrated with, there is some evidence that there is gross
inadequacy in disregard of what the arbitrators knew. Gal-
lagher and Keys were the original arbitrators. Crisman
was the umpire chosen by these two. Gallagher testified,
without objection, that Crisman passed through the house
and sounded the plastering, and, when the three had reached
the second floor, Crisman said to the other two, in sub-
stance, that the plastering was cracked by lightning; that,
as near as witness can state it, the substance of what Cris-
man said was that the cracking of those walls was due to
the concussion or vibration of the lightning,—and yet no
allowance for such injury was made.

We are of opinion that the court did not err in pro-
ceeding to determine from evidence whether the award
ought to be avoided for mistake.

VI. This brings us to the question whether, though
there was power to nullify the award for mistake, the evi-
dence of mistake justifies the nullification. Involved is a
consideration of the rules of law governing the degree of
proof required to set aside an award. We held, in *Thomp-
son v. Blanchard*, 2 Iowa 44, that "the whole burden of proof
* * * is on the party who attacks the award. It is for
him to clearly satisfy the jury of any mistake, as also that
he was prejudiced thereby," and the defect must be shown
"fully and clearly." This was adhered to in *Tomlinson v.
Tomlinson*, 3 Iowa 575, and it was added, "that a party
should not only make out the mistake clearly and fully, and
that he was prejudiced thereby, but also show that, if it
had not occurred, the award would have been different."

To the same effect is *Gorham v. Millard,* 50 Iowa 554, at 560. In *Vincent v. German Ins. Co.,* 120 Iowa 272, "clear and satisfactory evidence" is required to support the ground of impeachment. It must be "convincing evidence." *Barnard v. Lancashire Ins. Co.,* 101 Fed. 36. But what results from the existence of these rules of evidence is vitally affected by the nature of the appellate review permitted. If *de novo,* these rules control our weighing of the evidence. This is appreciated, for appellant insists the hearing here should be *de novo.* By holding that the law court was empowered to determine whether the award pleaded was or was not a bar to recovery on the policy, we have, in effect, decided that this question was and remains on the law side for all purposes. Assume the issue was of equitable cognizance. But as it was mutually tendered to the court sitting on the law side, and a jury waived, we are of opinion that review here is limited to such as is accorded a verdict. Now, that being so, what effect has it that clear, satisfactory, and convincing evidence is required? Such degree of proof is required because every reasonable presumption is entertained in favor of the determination of the arbitrators. *Tomlinson v. Hammond,* 8 Iowa 40, at 45; *Tank v. Rohweder,* 98 Iowa 154, at 156. But on the law side, there is precisely the same presumption in favor of the action of the trial court in setting aside the award, and we have held that, in reviewing the action of the court in sustaining the award, we are "not authorized to disturb the judgment, unless it is plainly and palpably unsupported by the evidence." *Foust v. Hastings,* 66 Iowa 522, at 526. The converse must be true. That is to say, if that is our limitation when the trial court sustains the award, the review cannot be broadened where that court, sitting as a jury, has avoided the award. The limits of review are also well indicated in *Thornton v. McCormick,* 75 Iowa 285. In *Seibert v. Germania F. Ins. Co.,* 132 Iowa 58, at 61, it was complained that the court was

not warranted in submitting whether one of the arbitrators had been a fair and impartial one. We there concede that every reasonable presumption will be indulged in favor of the award and the arbitrators. But we add that, in the case then before us, "the record discloses evidence sufficient to warrant the jury in finding, as a matter of fact, that the award should not stand," and that we will not discuss the evidence upon which our conclusion is based, because, among other reasons, it is not our practice to do this.

Formulating rules on what will authorize a jury to find a fact proven has little bearing when an appellate court reaches the question whether a finding made is sufficiently supported by such evidence as said rules demand. In every case, the jury is charged that one party or the other has the burden of proof, and may not prevail unless it has discharged that burden by a preponderance. On an indictment charging an assault with intent to inflict great bodily injury, there should be no conviction unless the jury may find that a specific intent to inflict a grave injury has been proved beyond reasonable doubt. When it comes to appellate review, however, we do not review *de novo* whether the party prevailing discharged the burden of proof or whether said specific intent was made out beyond reasonable doubt. It being the function of the jury to settle, as a question of fact, whether or not said specific intent existed, this carries with it the power to settle, as a question of fact, whether there was such proof of such intent as the law demands. Review here is not controlled by whether we, sitting as jurors, would have found that the prevailing party had such proof as the law requires, but whether we may say, as matter of law, that there was failure to adduce such proof. While it is true that every reasonable presumption is indulged for the award and the action of the arbitrators, it is equally true that every reasonable presumption is indulged for the action of the trial court in dealing with the award, either when it affirms it or avoids

it. Fully recognizing the degree of proof demanded, we yet held, in *Tomlinson v. Tomlinson,* 3 Iowa 575, that the question finally becomes whether we may hold the evidence was insufficient to set aside the finding; that there is no hard and fast rule involved; that such cases as these "must, for the most part, depend upon their own peculiar circumstances, and it is difficult to find any general rule by which they can be determined." Fully recognizing what degree of proof is required, we yet held, in *Vincent v. German Ins. Co.,* 120 Iowa 272, that the ultimate question for review was the ordinary one of whether the evidence sustained the action below. Here, then, we cannot disturb the action below unless it can be said, as matter of law, that the finding of the trial court lacks such support as the law of evidence demands.

### 6-a

Appellant argues there was no evidence that the plaster had been injured by the lightning; that the conclusion of the trial court that there was such damage was reached by reasoning, first, that the plastering was practically free from cracks before the stroke, second, that later the plastering was found cracked in every direction, third, the plastering was well mixed, and fourth, that, therefore, the damages to the plaster must have been by lightning; that, in effect, the finding is that, when plastering is well mixed, and is observed to be cracked in every direction, some time after lightning has struck the building, it follows that lightning has caused the condition of the plaster. The summary is that the argument of the trial judge is the alluring but illogical *post hoc ergo propter hoc,* and that it is a *non sequitur.* If we could so find, we should interfere. But treating the finding as a verdict, there is abundant evidence to sustain it. And there is full warrant for our saying it might in reason be found by the trier of the facts that the damage to the plaster could be caused by lightning, and that no other effective cause for the injury appearing was shown to have

existed.   Where a cause is present which might produce a
condition that has occurred, and there is no other adequate
cause proved, the matter is not within the equipoise rule, and
it may, under such conditions, be found that the only thing
suggested by the evidence which could cause an effect found
present, did cause it.   See *George v. Iowa & S. W. R. Co.*, 183
Iowa 994.   Appellant urges that the inspections of the house
prior to the time when lightning struck it were casual, and
that no inspection was made for four days after the stroke.
It may be conceded that to this much is added, say by ex-
perts, from which the trial court could have found that light-
ning did not injure the plaster.   But, of course, that this is
so is of no avail on review of a verdict if the contrary, too,
might, in reason, have been found.   We shall not enter de-
tail.   It suffices to say that the testimony of Gallagher as to
the statement by Crisman to his fellow arbitrators is one
item that tends to sustain the decision below.   So of other
testimony by the same witness, and that of Huber, and that
of Staley.

Our ultimate conclusion is, there is such substantial
support in the evidence for the finding that lightning dam-
aged the plaster in $850 as that disregarding an award for
but $150 for injury other than to plaster may not be dis-
turbed on this appeal.

VII.   Complaint is made that witnesses were permitted
to say what was the reasonable market value of the building
immediately before the lightning struck it and immediately
thereafter.   It is argued that the true meas-

10. EVIDENCE:
reception of:
evidence: opin-
ion evidence:
value of build-
ing: restora-
tion by
repairs.

ure was what it would properly have cost to
make restoration. by repairs.   We are in-
clined to the opinion that the testimony re-
ceived was not objectionable, if it be con-
ceded that the measure of damages is the
cost of replacement by repair.   It can fairly be said that,
when a witness is asked to say how much a building was

worth just before it was struck by lightning, and how much it was worth just after being struck, this calls upon the witness to base his answer on the cost of restoration. If the party against whom this evidence is put in is in doubt on whether the opinion of the witness is based upon such cost, the remedy is not by objection to the question, but by proper cross-examination. *Farmers Merc. Co. v. Farmers Ins. Co.*, 161 Iowa 5, and perhaps *Millard v. City of Webster City*, 113 Iowa 220, afford some support to this position.

On the whole, too, it is fairly apparent from the record that in no view can the reception of this testimony have been prejudicial. There is testimony speaking directly to the cost of restoration. The amounts testified to as being necessary to that end do not differ substantially from the difference in value stated by the witnesses objected to. The allowance by the court does not differ substantially from the difference in value given by these witnesses; but, on the other hand, neither does it differ substantially from the testimony concerning the cost of restoration and replacement. In this aspect, the case is fairly within the rule of *Schaeffer v. Anchor Mut. Ins. Co.*, 133 Iowa 205. It is not out of place to add that there was really no substantial conflict on the segregated question of how much injury was done the building. The controversy is over what caused the damage. That is to say, the appellant does not so much urge that the plaster was not damaged $850, or that it would have cost less than $1,000 to restore the building: its central position is that, no matter what the damage was, the award concluded that question, and that, if that were passed, it again does not matter how much damage was done, because the lightning did not cause such damage. We repeat that, in the light of all this, there should not be a reversal because witnesses were permitted to state the difference in value before and after.

11. APPEAL AND ERROR: reception of evidence: harmless error: damage to building: cost of restoration.

We find no prejudicial error, and the judgment must be —*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.