W. D. McIntosh, Appellee, v. Home Mutual Insurance Association of Iowa, Appellant.

INSURANCE: Measure of Damages—Instructions. In an action on a
1  policy calling for liability to the extent of the "cost of restoration," instructions to the effect that the measure of recovery would be the difference in value of the property immediately before and immediately after the fire, but in no event to exceed the cost of restoration, do not constitute error.

NEW TRIAL: Verdict—Evidence Justifying Assumed Excessiveness.
2  A verdict will not be held excessive when the assumed excessiveness may fairly be accounted for under the evidence.

*Appeal from Delaware District Court.*—George W. Wood, Judge.

November 19, 1924.

Action to recover on a policy of fire insurance. Judgment for plaintiff, and defendant appeals.—*Affirmed*.

*Ray A. Emmert, Stipp, Perry, Bannister & Starzinger,* and *Yoran & Yoran,* for appellant.

*A. M. Cloud* and *Trewin, Simmons & Trewin,* for appellee.

Stevens, J.—This is an action on a policy of fire insurance, to recover the losses resulting from the partial destruction of the residence of appellee in Manchester, Iowa, and for damages to household goods. The building was restored substantially to its former condition at an alleged cost to appellee of $2,433.34. The jury, in answer to special interrogatories, found

the damages to the building to have been $2,550, and to the household goods $300. The verdict of the jury was for the aggregate of these two sums.

I.   Evidence of competent witnesses was introduced, over the objections of appellant, to prove the value of the building immediately before and immediately after the fire, and also of the cost of restoration. The by-laws of appellant limit its liability to what it would cost to repair or replace the damaged property with material of like kind and quality. The court instructed the jury that the measure of recovery, if any, would be the difference in the value of the residence immediately before and immediately after the fire, but in no event to exceed the cost of restoration, making proper allowance for deterioration.

1. Insurance: measure of damages: instructions.

It is urged by appellant that it was prejudicial error for the court to submit any other rule for determining the amount of appellee's recovery than the fair and reasonable cost of restoring the building to its former condition with material of like kind and quality. In this connection, our attention is called to *Limburg v. German Fire Ins. Co.*, 90 Iowa 709. The evidence in that case showed that the building could be repaired at an expense of from $200 to $250, and we held that this was the limit of plaintiff's recovery.

As we have in our previous decisions pointed out, the by-laws do not attempt to prescribe or fix a rule of evidence, but only to limit the liability of the insurer as to amount. The exception preserved below was to Paragraph 2 of the court's charge; but, even conceding that this instruction was somewhat lacking in fullness, succeeding instructions cured any prejudice that might have resulted from any defect therein, and clearly and unequivocally limited recovery to the cost of restoring the building with material of like kind and quality, making due allowances for deterioration. The instructions are in harmony with the prior decisions of this court. *Farmers Merc. Co. v. Farmers Ins. Co.*, 161 Iowa 5; *Turner v. Hartford Fire Ins. Co.*, 185 Iowa 1363. It is unnecessary to repeat what was said in these cases. We find no prejudicial error in the instructions.

II.   Several instructions embodying the theory of appel-

lant as to the measure of damages were requested, and were refused by the court. As we have already indicated, the substance of the requested instructions was included in the court's charge to the jury. The court did not, therefore, err in refusing to give the requested instructions.

III. The amount allowed by the jury exceeded the aggregate expense incurred of restoring the building, plus the damages to the household goods, by approximately $116. It is contended by appellant that the verdict of the jury was grossly excessive, and that no proper allowance was made for deterioration. The estimate of the various witnesses as to what it would cost

2. NEW TRIAL: verdict: evidence justifying assumed excessiveness.

to restore the building to its former condition varied greatly. The actual cost, as shown by the testimony of appellee, was as stated above. Just how the jury arrived at its conclusion as to the damage to the building in addition to the cost of restoration is not entirely clear. The evidence tended to show that, while the building was improved in many particulars, its restoration was somewhat incomplete. Portions of the plastering, which was loosened by water, were not removed, and other damages were not wholly repaired. This may account for the extra allowance: that is, the jury may have found from the evidence that the total probable cost of a complete restoration of the building to its former condition would be $2,550. The question as to the cost of restoration, deterioration, and other material matters was for the jury, and we discover no ground for disturbing its finding. The date on which the verdict was returned does not appear in the abstract; but exceptions to the instructions were filed April 3, 1923, and a motion for new trial on the following day. Interest should have been allowed at 6 per cent from June 1, 1922. No interest was allowed by the jury; so that, on the basis of the actual cost of restoring the building, the verdict was somewhat less than it would have been if interest for more than one year at the rate of 6 per cent had been added by the jury. The verdict has support in the evidence, and will not be disturbed.

Appellee also appealed from the refusal of the court to compute interest on the verdict, the form of which was as follows:

"We, the jury, find for the plaintiff and assess the amount of his recovery at $2,850, plus interest at 6%." The damages awarded by the jury were clearly sufficient, fully covering the loss sustained. We shall not pass upon the correctness of the court's ruling of which complaint is made on the cross-appeal.

The judgment is affirmed on both appeals.—*Affirmed.*

ARTHUR, C. J., and EVANS and VERMILION, JJ., concur.