## WOODWARD *v.* ATWATER.

In whatever manner a controversy is to be settled, the subject matter of it must be ascertained and made definite.

The only exception to this rule is, where there is a submission to arbitrators of all matters in controversy between the parties, which would embrace each particular matter.

Where an agreement to submit to arbitrators read as follows: "We, M. W. and D. C. A., severally agree and bind ourselves to arbitrate a matter of controversy relating to a certain piece of land in said county. We have agreed on the following persons as arbitrators in said cause, to wit: Henry Crow, Martin Braddock, and David Macey, all of Marshall county; and also further agree that they will appear before Elias Walraven, acting justice of the peace, [in] said county, who will have charge of the case, according to law. We agree to appear before said court the 14th day of January, A. D. 1854;" and where the said arbitrators awarded "that the said A. should pay to said W. the sum of fifty dollars for a claim that the said W. held on a piece of land named in their submission, which land was entered by said A.;" *Held*, That both the submission and award were bad for uncertainty.

### *Appeal from the Marshall District Court.*

THIS was a submission to arbitration by the following article :

"MARIETTA, January 7th, 1854.

"We, Mahlon Woodward and Dewit C. Atwater, or Marshall county, Iowa, severally agree and bind ourselves to arbitrate a matter of controversy relating to a certain piece of land in said county. We have agreed on the following persons as arbitrators in said case, to wit: Henry Crow, Martin Braddock, and David Macey, all of Marshall county; and also further agree that they will appear before Elias Walraven, acting justice of the peace, in said county, who will have charge of the case, according to law. We agree to appear before said court the 14th day of January, A. D. 1854." This is signed by the parties, and acknowledged before a justice of the peace.

The essence of the arbitrators' award is, that the said Atwater should pay to said Woodward, the sum of fifty dollars,

for a claim that the said Mahlon Woodward held on the piece of land named in their submission, which land was entered by said Atwater." This was returned to the justice named, whose transcript from his docket recites, that this cause was brought for a claim on a certain piece of land being and lying in the county of Marshall, Iowa," &c. It then recites the proceedings and award, and renders judgment against the defendant. Atwater appealed from the judgment of the justice, and in the District Court, at the September term, 1855, filed a motion to set aside the above judgment and proceedings:

*First.* For obscurity and uncertainty in the submission to arbitration.

*Second.* For want of jurisdiction in the justice in receiving the award.

*Third.* For want of jurisdiction in the justice, on the ground that the matter in controversy relates to the title to real estate. This motion was overruled by the District Court, and a motion of the plaintiff to affirm the judgment, was sustained.

The appeal is from this judgment; and the decision of the court on this motion, is assigned for error.

*Jas. D. Templin,* for the appellant.

WOODWARD, J.(1)—When parties endeavor to settle their differences without litigation, every court is predisposed to favor them in the attempt. Yet, when they come into court, some leading and important rules must be observed. In whatever manner a controversy is to be settled, the subject matter of it must be ascertained and made definite. The only exception to this is, when the submission is of all matters in controversy between the parties, which would embrace each particular. In the case at bar, there is, in effect,

---

(1) ISBELL, J., having left the bench, took no part in the decision of this cause.

nothing submitted by the words, "a matter of controversy relating to a certain piece of land in Marshall county." Nothing could be more indefinite. It does not appear what the question was relating to the land, nor what land the question related to. Neither the award, nor the judgment of the justice, aid the matter much, even if they were allowed to do so. It may well be doubted, whether this award, or this submission, would constitute a bar to any other subsequent claim or action. Code, § 2099; 1 Bac. Ab. 282, 289; *Thomas* v. *Molier*, 1 and 4 Ohio, 565; *Lyle* v. *Rodgers*, 5 Wheat. 394; 1 Am. Com. Law, 466. Both the submission and the award, are bad. But the award follows the submission, which is in accordance with one of the rules on the subject.

Although this award is definite in ordering one party to pay the other a certain sum of money, yet it must be adjudicated upon rules which would apply to other cases. Suppose the matter related to the title to the land (and nothing shows that it did not), how is judgment to be entered? and how is it to be known as to what land the title was settled? And so, if it was a question of possession, how could a writ of possession issue?

The judgment of the District Court is reversed, and a *procedendo* will issue, directing that court to set aside the judgment of the justice of the peace.