Zook v. Spray.

AFFIRMED.

---

## ZOOK v. SPRAY.

1. **Arbitration**: CERTAINTY. Parties may submit their controversy to arbitration otherwise than as provided by statute, and their agreement to do so will be sustained, if the submission and award are sufficiently certain to constitute a bar to a subsequent action upon the same subject matter.

2. ———: ———: RULE APPLIED. The submission to arbitration of all "our accounts and claims in relation to the Mill Rock Mills" is sufficiently definite as to the subject of the arbitration.

*Appeal from Jackson District Court.*

WEDNESDAY, APRIL 29.

THIS is an action on an award of arbitrators. There was a judgment for defendant on a demurrer to the petition. The plaintiff appeals. The further facts of the case appear in the opinion.

*F. M. Fort*, for appellant.

*Chas. M. Dunbar*, for appellee.

VOL. XXXVIII.—18

MILLER, CH. J.—The agreement to arbitrate, entered into by the parties, is as follows:

"Know all men by these presents, that we, J. M. Zook and J. H. Spray, of Monmouth township, Jackson county, State of Iowa, hereby agree to arbitrate and leave to John Watson, L. W. Stuart and D. S. Kimball, of said county, our accounts and claims in relation to the Mill Rock Mills, situated in said township and county, and abide by the decision of said arbitrators, and receive the same as a final settlement, final of all our claims relating to said property, up to date. And we hereby firmly bind ourselves, our heirs, assigns and administrators in the penal sum of five hundred dollars to agree to and abide by the above agreement.          J. M. ZOOK,
                                                                              J. H. SPRAY."

This agreement was acknowledged by the parties before a justice of the peace to be their voluntary act and deed. The award of the arbitrators is as follows:

" We, the undersigned arbitrators, in the case submitted to us by J. M. Zook and J. H. Spray, both of Monmouth township, Jackson county, Iowa, in regard to company matters, relating to the Mill Rock property, situated in Monmouth township, Jackson county, Iowa, from the commencement of their co-partnership up to September 14th, A. D. 1872, after a careful examination of their book accounts, and witnesses presented by said parties, make the following as our award, viz:.

That J. H. Spray shall pay to J. M. Zook from the earnings of the said mill, now in J. H. Spray's hands, the sum of seven hundred and five dollars and forty-six cents ($705.46).

We also state that we leave out of consideration the following matters as unsettled: An account of the parties with John Raynor & Son, of Ozark; also an account of timber claimed to be cut on land belonging to said property, and a claim for damages done to an oat field by hogs; also an account of Jeremiah Widel against the said company; which is by mutual consent of the said Zook and Spray.

We also failed to take into consideration a claim of fifty dollars in relation to the Baldwin depot, for prudential reasons.

Furthermore we assess to each of the parties, *i. e.* J. M. Zook and J. H. Spray, the sum of thirteen dollars and fifty cents as the expenses of the arbitrators.

Dated at Baldwin, this 24th day of September, A. D. 1872.

JOHN WATSON,
L. W. STUART, } Arbitrators."
D. S. KIMBALL,

The petition alleges that the defendant refuses to abide by the award as stipulated in the agreement of submission.

The defendant demurred on the grounds of uncertainty in the agreement of submission and also in the award of the arbitrators. The court sustained the demurrer on these grounds and this ruling is assigned as error.

The agreement to arbitrate in this case is not to be treated as made under the statute relating to arbitrations. In order to make it a statutory arbitration the agreement should have provided for the filing of the award in some court in which judgment thereon should be rendered. That the agreement does not conform to the requirements of the statute in this respect does not render it invalid. The statutory provisions in relation to arbitrations do not preclude parties from making binding agreements to submit matters in controversy between them to arbitrators in a manner different from that prescribed in the statute. *Conger v. Dean,* 3 Iowa, 463. The parties may bind themselves by an agreement to submit their controversies to arbitrators in a manner different from that required by the statute, and if the submission and award are sufficiently certain to constitute a bar to a subsequent action for the same matters, they are sufficient and will be upheld by the courts.

In the case before us the agreement is certain as to the parties. It is also sufficiently certain as to the matters submitted. The language is "our accounts and claims in relation to the Mill Rock Mills," in the township and county named. The limitation of the submission to claims and accounts of the parties in relation to the Mill Rock Mills, is as certain as a submission of "all matters in controversy between the parties." This general language would

1. ARBITRATION: certainty.

embrace each and every particular between the parties, while the language used in this case would embrace every particular within the limitation. It includes all and every account and claim of the respective parties relating to the "Mill Rock Mills." This is as certain as if every particular account and claim of the parties relating to those Mills had been particularly specified.

The submission is sufficiently certain as to time; it includes all the claims and accounts of the parties, relating to the Mills specified, down to the date of the agreement. In support of the above views, see *Woodward v. Atwater*, 3 Iowa, 61, and cases cited.

The award follows the submission. It shows that the arbitrators examined the matters submitted to them; examined the parties' books of account, and witnesses, and made their award upon such examination and investigation, excluding only certain specified items, which they did, with the mutual consent of the parties; and also one item of fifty dollars in relation to the "Baldwin depot," which seems to be foreign to the matters submitted. No difficulty can arise in pleading the matters settled by this arbitration in bar of any further action for any of the claims or accounts included therein. This being the case the award must be sustained. When parties have endeavored to settle their controversies without litigation, every court is inclined to favor them in so doing, and will not seek for technical reasons to defeat their efforts at settlement.

The demurrer was improperly sustained, and the judgment must, therefore, be

REVERSED.