PHENIX INS. CO. v. FINDLEY ET AL.

1. **Pleading and Practice:** REPETITION OF BAD PLEA. Where the first answer was held bad on demurrer, and the second count of the substituted answer differed from the first answer only in the addition of a few allegations which were immaterial, the said second count was properly stricken out on motion.

2. **Surety:** BOND OF INSURANCE AGENT: NEGLIGENCE OF COMPANY. The sureties on the bond of an insurance agent, executed to the company for the fidelity of the agent, are not discharged from liability from the mere fact that the agent was continued in the employment of the company after he had failed to make payment promptly, of which fact the sureties were not advised.

3. **Practice in Supreme Court:** ERROR WITH ONLY NOMINAL PREJUDICE: NO GROUND FOR REVERSAL, In this case, the third count of appellant's answer was held bad on demurrer in the court below. If that count was good for anything as a defense (which this court considers very doubtful) it was good only for a nominal sum; and this court will not reverse a case to allow the appellant to recover nominal damages to which he shows that he is entitled.

4. **Evidence:** RECITALS IN BOND: SURETIES ESTOPPED. Where the bond on which the suit was brought recited the appointment of the principal obligor as agent, and specified the duties he was required to perform, for default of which the sureties were liable; *held* that they were estopped, in a suit on the bond, to deny the agency, and it was, therefore, not necessary to prove it by his commission or other writing.

5. **Practice in Supreme Court:** EVIDENCE NOT CERTIFIED. Where the abstract does not show that the evidence is all certified, this court cannot hold that the verdict was not supported by the evidence; and a statement in the abstract that "the record here abstracted contained all the evidence," is very far from saying that the abstract contains all the evidence.

*Appeal from Fremont District Court.*

FRIDAY, OCTOBER 20.

ACTION against the sureties upon a bond given by an agent of plaintiff to secure the faithful performance of his duties. There was a judgment upon a verdict for plaintiff; defendants appeal.

*Stowe & Hammond*, for appellant.

No appearance for appellee.

BECK, J.—I.   The condition of the bond in suit is in the following language:

"The condition of this obligation is such that whereas the above named R. S. Carr has been appointed agent of the Phenix Insurance Company in the city of Hamburg, county of Fremont and State of Iowa, who will receive, as such agent, sums of money as premiums, payment of losses, salvages, collections or otherwise, for goods, chattels or other property for the said Phenix Insurance Company; and is to keep true and correct account of the same; pay over such money correctly; and make regular reports of the business transacted by him, to the said Phenix Insurance Company; and in every way faithfully perform the duties as agent in compliance with the instructions of the company, through its proper officers; and at the end of the agency by any cause whatever, shall deliver up to the authorized agent of said compeny, all its money, books and property due from or in his possession.   Now then if the aforesaid agent shall faithfully perform all and singular the duties of the agency of the Phenix Insurance Company, then this obligation shall be null and void."

The petition alleges that Carr collected between July 18, and October 16, various premiums upon policies amounting to $273; that his commissions thereon are $66 and that there is due from him to plaintiff $207.60, which he failed and refused to pay the plaintiffs.   The defendants filed the following answer to the petition:

"That by the terms of Carr's agency and by the usage and custom of insurance companies, it was the duty and business of the company to require and make monthly settlements with their agents, and to require of their said agent monthly payments of all moneys in his hands.   But that the plaintiff company, from month to month after the making of said bond,

and until Nov. 1, 1870, without any knowledge on the part of these defendants, with intent to favor and give credit to the said Carr, permitted him to go from month to month without making settlement and payment of his account. And from month to month, with a full knowledge of the said Carr's embezzlements and defaults, plaintiff continued to transact business with him as agent, and entrust him with the conduct and transaction of their business; and with such knowledge, from month to month, they negligently continued to extend to him credit and confidence, and to entrust him with the collection and disbursement of their money.

"That these defendants had no knowledge or means of knowledge of the said agent's repeated defalcations and embezzle ments, and had no knowledge or notice of the extension of time, credits and favors extended by plaintiff to said agent, at any time before he absconded in November, 1879. Had such notice been given, the defendants could and would have protected themselves against loss."

A demurrer to this answer was sustained, and thereupon defendants filed a substituted answer in the following language:

"1st Count. Defendants deny all liability, generally and specifically, as set out in petition.

"2d Count. (This count is substantially the same as the original answer, with the following additions): "That it was the custom and usage of this company to make monthly settlements with agents, etc. That the plaintiff's officers knew these defendants had no knowledge or means of knowledge as to the defalcations of Carr. And with full knowledge of the defalcations and monthly embezzlements, the plaintiff continued to extend credits—extend time and entrust said agent with their business, for the purpose of procuring in return the favor and business of the said Carr, and for their own selfish motives, knowing well the peril it might bring to these defendants.

"3d Count. At the time of Carr's absconding, defendants

were in possession of sufficient personal property of his with which to have secured themselves, had they known of any liability.   While so in possession, defendants wrote to the company, making inquiry as to loss, if any.   Plaintiff negligently failed to inform the defendants of any claim of loss in reply to said letter, for two or three weeks, and until said property was taken from them.   Plaintiff acknowledged the receipt of defendants' letter.   Had the officers and agents of the plaintiff company made prompt and dilligent answer, as they ought, defendants could and would have protected themselve againsts loss."

A motion to strike the second count of the answer, on the ground that it contained the same matter as pleaded in the first answer, was sustained.

A demurrer to the third count of the substituted answer was sustained.

These several rulings are the grounds of as many alleged errors assigned by defendants.

II.   We may regard the second count of the substituted answer as a repetition of the first answer.   Whatever it contains that is not substantially pleaded in the first answer is immaterial.   The motion to strike was therefore rightly sustained.

1. PLEADING and practice: repetition of bad plea.

III.   The answer in substance alleges that plaintiff continued the agent in its employment, after his default and failure to pay, as charged in the petition, of which defendants had no knowledge or means of knowledge.   The use of the words "embezzlements," "defalcations" etc., in the answer, do not present transactions other than those declared upon in the petition.   The pleader applies those epithets to the failure and refusal of the principal to pay the sums of money as charged in the petition.   The answer does not contain allegations of facts showing any transactions different from those set out in the petition.   Hard names in pleadings will not take the place of allegations of fact.   The answer therefore must be regarded as setting up

2. SURETY : bond of insurance agent: negligence of company.

as a defense the continuation of the agent in business by plaintiff during the time his arrearages were accruing, and the failure to notify defendants thereof. But this court has held that "a surety is not discharged from liabilties from the mere fact that the principal is continued in the master's employment after he has failed to make payment promptly, of which fact the surety has not been advised." *Home Ins. Co. v. Holway*, 55 Iowa, 571. The demurrer to the answer was properly sustained.

IV. The third count of the answer is, in effect, that defendants gave up property of Carr held by them, by reason of the **3. PRACTICE** in supreme court: error with only nominal prejudice: no ground for reversal. negligence of plaintiff in failing to respond promptly to their enquiry in regard to the default of Carr. Conceding that upon the facts pleaded the defendant sustained injury, which may be set up as a defense to this action (a very doubtful question), they cannot be relieved of liability farther than to the extent of such injury. The value of the property which defendants could have used in their own protection would measure the extent of their injury, and this value, and no more, could be set off against plaintiff's claim. But the answer does not show the value of the property; defendant's injury must therefore be regarded as nominal only. The answer, therefore, presented a defense to the extent of a nominal sum. The ruling of the court in sustaining the demurrer defeated recovery therefor. But this court will not reverse a cause to allow appellant to recover nominal damages to which he shows that he is entitled. *Rowley v. Jewett*, 56 Iowa, 492.

V. The defendants base an objection upon the ruling of the court below in refusing to require proof of Carr's agency by **4. EVIDENCE:** recitals in bond: sureties estopped by. his commission or written appointment. The bond upon which suit is brought recites the appointment of Carr, and specifies the duties he is required to perform, for default in which defendants are liable. They are estopped by the bond to deny Carr's agency, and it

was not, therefore, necessary to prove it by his commission, or by other written instrument.

VI.   Defendants insist that the evidence does not support the verdict, and that some of the items set out in plaintiff's petition were not proved.   But the abstract does not purport to contain all the evidence.   It is stated in the abstract that "it was certified that the record here abstracted contained all of the evidence." This is far from a statement that the abstract contains all the evidence.

5. PRACTICE in supreme court: evidence not certified.

The foregoing disscussion disposes of all questions raised in the case.

AFFIRMED.