## DONICAN v. MULRY ET AL.

1. **Arbitration and Award:** FORM OF AGREEMENT: PARTIES BOUND BY: INSTANCE. Action to recover on a contract for an annuity and support for life; but it appearing that the parties, by a written agreement, had submitted to certain persons, as arbitrators, the matters of difference between them, with power "to make a settlement of all our claims against each other, and particularly the claim of said Honoria Donican (plaintiff) against James Mulry (defendant) for her present and future support and maintenance," and that, in pursuance of such submission, the arbitrators made an award that defendant should pay plaintiff $200 in five years, in equal payments, without interest, *held* that such submission and award were binding on plaintiff, and a bar to her recovery in this action. See opinion for authorities.

*Appeal from Palo Alto Circuit Court.*

TUESDAY, OCTOBER 19.

ACTION IN EQUITY. Judgment for the defendants, plaintiff appeals.

*Struble, Kinne & Stiger* and *Thomas O'Conner*, for appellant.

*D. Rutledge, P. O. Casady* and *G. H. Carr*, for appellees.

SEEVERS, J.—The plaintiff was the owner of certain real estate in Wisconsin, which she conveyed to the defendant in consideration of his agreement to pay her a sum of money annually, and support her during her life. To secure the performance of this contract, the defendants executed a mortgage to the plaintiff on the land, which she released upon the defendants' agreement to sell it, and with the proceeds purchase other land in Iowa, which he agreed to mortgage to the plaintiff in the place and stead of the land in Wisconsin. The defendant sold the land in Wisconsin, and purchased other land in Iowa, but refused to mortgage the same to the plaintiff. He also failed to pay the sum of money annually that he agreed to pay, and refused to support the plaintiff as he had agreed. The relief asked is that she have judgment for the amount found due, and that the same be charged as a lien on the land in Iowa. The defendants pleaded that the parties, in writing, agreed to and submitted to certain persons, as arbitrators, the matters of difference between them, and empowered them " to make a settlement of all our claims against each other, and particularly the the claim of said Honoria Donican against James Mulry, for her present and future support and maintenance;" and that, in pursuance of such submission, the arbitrators made an award that the defendant should pay the plaintiff the sum of $200 in five years, in equal payments, without interest. A demurrer to the answer was sustained, and it is urged that the submission is uncertain, and does not embrace past support, and that the award, as to the time of payment of the amount awarded, is not in accord with the submission. As we read the submission, all matters of difference between the parties were submitted, and it is therefore not uncertain, in the sense that it and the award, in .the absence of any showing, can be treated as void. We think such a submission should be regarded as binding on the parties. The award follows the submission, and the fact that the arbitrators fixed the time of payment as they did

was clearly within the terms of the power conferred on them. These views are sustained, we think, by *Woodward v. Atwater*, 3 Iowa, 61; *Zook v. Spray*, 38 Id., 273 ; and *McKinnis v. Freeman*, Id., 364.

AFFIRMED.