OCTOBER TERM, 1886.	65

The Dist. Twp. of Walnut v. Rankin et al.

The Dist. Twp. of Walnut v. Rankin et al.

1. **Public Corporations:** POWER TO SUBMIT TO ARBITRATION: SCHOOL-DISTRICT. There is no reason why a public corporation may not submit to arbitration; and in this case *held* that a school district might submit to arbitration differences arising upon settlement with its treasurer.

2. **Arbitration:** AWARD LIMITED BY AGREEMENT. Where plaintiff and its treasurer submitted to arbitrators "the money alleged to be due and owing by   *   *   *   such treasurer to the plaintiff," *held* that the agreement was broad enough to warrant an award based on a report covering several years, even though the law required plaintiff's directors to make settlement each year.

3. ———: AWARD NOT VOID FOR UNCERTAINTY. The award in this case, upon a settlement between a school district and its treasurer, (see opinion,) *held* not void for uncertainty.

*Appeal from Madison Circuit Court.*

WEDNESDAY, OCTOBER 27.

ACTION upon a promissory note executed by the defendant, Rankin, to the intervenor, Hillman, and transferred by the latter to the plaintiff. Rankin, the maker of the note, pleaded that it had been paid. Hillman, the payee, intervened, pleading that the note had been paid to him. The plaintiff filed what is denominated an amended and substituted answer and cross-petition to the petition of intervention. The intervenor demurred to the same, and the demurrer was overruled. From the ruling upon the demurrer the intervenor appeals.

*T. C. Gilpin,* for appellant.

*Dabney & Guiher,* for appellee.

ADAMS, CH. J.—We cannot regard the pleadings in this case as presenting very well-formed issues; but we have concluded not to scan them very critically, but assume that they

properly enough raise the questions which the counsel have presented in their arguments. The pleading demurred to shows that plaintiff is a corporation organized under the laws of Iowa, and that the intervenor was its treasurer, required to give a bond for the faithful discharge of his duty; that the intervenor, while acting as treasurer, received large sums of money belonging to the plaintiff, for which he failed to account; that for the ascertainment and determination of the amount due the plaintiff from the intervenor, the plaintiff and intervenor submitted the matter to arbitrators; that the arbitrators found the total amount due to be $959.08, and made their report to that effect; that, as a part of the agreement, the plaintiff was to release the intervenor's bondsmen, and receive a certain amount in cash, and for the balance the notes of third persons as security; that the note in suit is one of the notes delivered to the plaintiff as such security, and that the amount thereof is justly due the plaintiff. The intervenor, by his demurrer, raises the question as to the power of the plaintiff to submit to arbitration, and as to the validity of the award in case such power existed.

The question as to whether the plaintiff could make a valid agreement for the release of the bondsmen we do not regard as properly arising. If it should be conceded that they were not released, such fact would constitute no valid objection upon the note deposited as collateral. The plaintiff having elected to assume the burden of showing that there is something due from the intervenor, and to stake its claim against him upon the finding of the arbitrators, it appears that the only question is as to whether the arbitration can be sustained. The intervenor insists that it cannot, because the plaintiff's powers are only such as are given by statute, and no express power is given to submit to arbitration. A corporation has, however, not only such powers as are expressly conferred, but such others as are reasonably incident to the

1. PUBLIC corporations: power to submit to arbitration: school-district.

exercise of those expressly conferred. The intervenor's theory is that the plaintiff should be confined to its remedy by action. But the power which it is conceded that the plaintiff has to maintain an action does not appear to be expressly conferred. The plaintiff has express power to make settlement with its treasurer, and must be deemed, by implication, to have power to enforce, by action, both settlement and payment, if necessary. But an arbitration of differences is just as legitimate a mode of settlement as by action. Courts, indeed, are disposed to encourage settlements by arbitration. *Zook v. Spray*, 38 Iowa, 273. We may add that such settlements seem to be peculiarly appropriate where arbitrators, possessing more or less of an expert character, can be called into requisition.

We presume that the intervenor would not deny that private corporations may submit to arbitration. But, in our opinion, the power may properly enough be exercised by public corporations also. It was held in *Dix v. Town of Dummerston*, 19 Vt., 262, that selectmen, having power to audit and allow claims, might submit to a reference. As having some bearing upon the same question, see, also, *Inhabitants of Boston v. Brazer*, 11 Mass., 447; *Brady v. Mayor of Brooklyn*, 1 Barb., 584.

The intervenor, however, claims that the award is invalid for the reason that it covers matters not embraced in the agreement for submission. The matter submitted, according to the agreement, was "the money alleged to be due and owing by intervenor, as such treasurer, to the plaintiff." The arbitrator's report covers several years, including some for which there ought to have been a settlement already, and the intervenor asks us to presume that there had been. It being the duty of the district township board to make annual settlements, it is contended that we must presume that it was done. But, in our opinion, we should not be justified in going so far. It may be that money was "alleged to be due" for all the years

2. ARBITRATION: award limited by agreement.

covered by the award, and, if so, such money came expressly within the terms of the submission. If the intervenor contemplated a more limited inquiry, he should not have consented to so broad a submission.

But it is said that the award is void for uncertainty. The award, in respect to the amount due, is in these words: "(1)

3. ———:
award not
void for un-
certainty.

We find the said J. D. Hillman deficient in the teachers' fund $660.90; interest thereon, at six per cent, to December 15, 1883, $144.48. We find J. D. Hillman deficient in the contingent fund $143.24; interest on the same to December 15, 1883, $10.67. Total deficiency, with interest added, on all fund, $957.08." The arbitrators might have made a more detailed statement of the account, but their finding is not open to the objection of uncertainty.

We think that the intervenor's demurrer was rightly overruled.

AFFIRMED.