IMPERIAL ROLLER MILLING COMPANY v. FIRST NATIONAL BANK
OF CLEBURNE ET AL.

No. 107.

1. **Attachment—Damages—Charge of Court.**—When the main charge covers all that is correct in a special charge asked, it is not error to refuse the special charge.

2. **Evidence—Setoff.**—In a suit for damages for seizure of property under attachment, it was error to exclude evidence of payment of the judgment rendered in the attachment suit which had been pleaded as a setoff against any judgment that might be obtained in the suit for damages. But another judgment against the plaintiff in the suit for damages, not growing out of the same transaction, could not properly be set up as setoff in the suit for damages.

ERROR from Johnson. Tried below before Hon. J. M. HALL.

*Henry & Green* and *Bledsoe, Patton & Brown*, for plaintiff in error.

1. The plaintiff claiming the right to the use, operation, and occupancy of the mill plant and machinery, and the evidence supporting this contention, the seizure by defendants of material and supplies necessary and on hand for the successful use and operation of said mill plant and

machinery, thus stopping and destroying plaintiff's power and right to use and operate the mill, was the proximate cause of the loss of the value of such use and operation, and the value of such use and operation was actual damages, even though plaintiff was not actually deprived of the bare possession of the mill plant and machinery. Jones v. George, 61 Texas, 322; Parks v. Young, 12 S. W. Rep., 987; 1 Suth. on Dam., 21, 47, 74; 5 Am. and Eng. Encycl. of Law, 6–8. Blum v. Gaines, 57 Texas, 135.

2. The payment and satisfaction of the judgment in the County Court having been put in issue by the pleading of plaintiff, any proof tending to show that said judgment was satisfied, was proper and should have been admitted. Wells v. Fairbanks, 5 Texas, 582.

3. The court erred in overruling plaintiff's exceptions numbers 4 and 5 in its trial amendment, filed December 12, 1890, to defendant's third amended answer, because said answer set up and pleaded a liquidated and certain demand or debt against an unliquidated demand for damages founded on a tort. Rev. Stats., arts. 649, 650; Carothers v. Thorp, 21 Texas, 358; Duncan v. Mogetts, 25 Texas, 245; Pinson v. Kirst, 46 Texas, 26.

*Crane & Ramsey*, for defendants in error.—1. The court did not err in refusing special charge number 1 asked, for the reason that the rule announced therein as the correct measure of damages was not the law of this case. Being in itself incorrect, it was not error to refuse it. The true measure of damages for this case was the value of the property seized, with interest thereon at the rate of 8 per cent per annum, but not the value of the use and occupation, as asked by plaintiff.

2. The jury having found for the defendants, the presumption must be indulged that they found the allegations in the affidavit for attachment true. It therefore follows that an incorrect charge on the measure of damages could not have injured the plaintiff, because, having found no damages, no measure was needed. Mekeska v. Blum, 63 Texas, 44; Fleming v. Seeligson, 57 Texas, 524; Odle v. Frost, 59 Texas, 684; Rutherford v. Stamper, 60 Texas, 447.

LIGHTFOOT, CHIEF JUSTICE. — This suit was brought by appellant against appellees, for actual and vindictive damages for wrongfully and maliciously suing out a writ of attachment and causing the same to be levied upon the plaintiff's mill property and a large number of flour sacks, fifty cords of wood, and other personal property.

Defendants, after general answers, plead specially, in offset of any judgment plaintiff might be able to obtain, two certain judgments, one for $299.33, in favor of the First National Bank of Cleburne against appellant, in the County Court of Johnson County, dated January 13, 1888,

and the other for $831, in favor of B. H. Sanders against said appellant, dated December 8, 1890, and transferred to said bank, and alleging the insolvency of said plaintiff (appellant).

The plaintiff below claimed that the first named judgment had been settled. That appellant had placed in the hands of the bank for collection an acceptance on one of its customers for about $440, which was collected by the bank December 26, 1887, and a part of the proceeds applied, as directed, to the payment in full of said $299.33 debt. That in the suit of B. H. Sanders against appellant, said acceptance for about $440 was pleaded by appellant as an offset, and that it was alleged and shown in said cause that a part of said acceptance had been used in the payment of said $299.33 debt, leaving a balance in the hands of said bank of about $140, which had never been paid or accounted for to him.

There was a verdict and judgment for appellees, from which this appeal was taken.

*Opinion.*— 1. We do not think the court erred in refusing the special charge number 1 asked by appellant, for the reason that the charge of the court below upon the subject of actual damage was sufficient, and covered all that portion of such special charge asked which should have been given. There was testimony tending to show that the mill and lots were the property of Stratton. The *use* and *occupation* of the mill and machinery were not taken from appellant, and their value could not form the correct measure of damage for the seizure of cord wood, flour sacks, etc.

2. The sixth assignment of error complains of the ruling of the court in excluding certain testimony of E. M. Heath, vice-president of the bank, whereby appellant sought to prove that before the rendition of the judgment in the County Court in the case of said bank against appellant for $299.33 (which was on the 6th day of January, 1888), the Grathouse acceptance for about $440, placed by appellant with such bank to collect, had been collected by it; that a sufficiency of the money had been applied to the payment of this debt, and that the debt had been extinguished; and that said bank, in making statements of its business, did not claim said judgment as being an outstanding debt due to it. This testimony should have been admitted. That judgment is set up by appellees in this case as an offset against any damage which appellant may obtain, and the court charged the jury upon that issue. This judgment was obtained in the suit out of which the attachment was issued, and it was not improper to show by defendant's own officers that the judgment had been paid and was no longer available as an offset. The attachment was sued out December 6, 1887, and at the time of said suit they held for collection the $440 acceptance on Grathouse, which was placed there

December 1, 1887, for collection. This acceptance, it was claimed, was collected by the bank December 26, 1887, and it obtained judgment in the attachment suit against appellant January 6, 1888.

There was some conflict in the testimony as to the purpose for which this Grathouse acceptance was placed in the bank. W. D. Stratton, president of the Roller Milling Company, testified as follows: "I instructed the bank to apply the proceeds of this acceptance to the payment of the $500 note then about due. These instructions were given about December 2, 1887." The attachment was sued out on December 6, 1887, upon the balance due upon an account for an overdraft, and if the acceptance was there as security for a different debt, its subsequent application to this claim, long after the attachment suit had been brought, could in no way affect the question of damages for the wrongful suing out of such attachment, and the testimony of Heath, which was excluded, was not admissible upon that issue. But it was admissible, upon the issue made by the pleading, to prove the settlement of the County Court judgment pleaded by defendants as an offset. It is insisted by appellees' counsel, that even if the exclusion of this testimony was erroneous, that inasmuch as appellant was not awarded any damages to be offset by it, the error was harmless. But this position is not tenable. The court instructed the jury, that if they found for the appellant a verdict for any damage, it could be setoff against this County Court judgment. There was a verdict against appellant, and we can not say how it was reached.

3. Almost the same question as the above is attempted to be raised in a different form under appellant's second assignment of error. In reply to the answer of defendants, pleading the two judgments as a setoff in this case, the plaintiff (appellant) pleaded, in substance, that these two judgments represent in a different form the overdraft and notes due by plaintiff to defendant at the time of the attachment; that there was a controversy between the parties at the time the $831 judgment was obtained in the District Court, as to the proper application of the $440 acceptance (on Grathouse), the plaintiffs contending that it was to be applied to the $500 note, and the defendant there successfully maintained that it was properly applied, first to the settlement of the County Court judgment, and the balance, about $141, to the note, and it was so applied; and praying that defendant be required to cancel the County Court judgment attempted to be pleaded as an offset in this suit. The defendants demurred to this plea, and the same was sustained to all "except as to the plea of the payment of the County Court judgment therein described."

This left in issue the very question for which appellant contends in its second assignment, and we can find no material error in this ruling.

4. The judgment for $831 in the District Court did not grow out of the same transaction, and could not properly be set up as an offset in this

case. Rev. Stats., arts. 649, 650; Riddle v. Kinney, 67 Texas, 29; Carothers v. Thorp, 21 Texas, 358.

The other questions raised will probably not arise on another trial.

For the errors of the court above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 15, 1893.