## JOACHIM TANK v. SEIVERT ROHWEDER, Appellant.

**Contracts.** Services rendered in exchange of courtesies, or as a matter of accommodation, without a charge or expectation of payment, cannot be made the basis of a recovery.

**SERVICES BY MEMBER OF FAMILY.** A member of a family who is receiving support therein cannot, in the absence of an expectation of payment therefor, recover for services rendered to another member thereof.

**Settlement: BURDEN OF PROOF.** Where a settlement is had after the happening of a matter in dispute, it will be presumed to have been included in the settlement, and whosoever claims it was not included has the burden to show that such item was not included, by reason of mistake or oversight.

**Practice: ARBITRATION.** To entitle a party to have an award of arbitrators under Iowa Code, section 3419, set aside on the ground of mistake or fraud, he must not only clearly show the mistake or fraud, and that he was prejudiced thereby, but also that if it had not occurred the award would have been different.

**SAME:** *Damages.* A finding of arbitrators, refusing to allow damages for wrongful attachment, will not be set aside where the attachment was levied on land and there was no evidence that any damage was caused by such levy, and evidence that the attaching plaintiff was advised by counsel to bring attachment.

**Appeal: NOMINAL DAMAGES.** Failure to award merely nominal damages to which the appellant may have been entitled, is not ground for reversal of the judgment.

*Appeal from Scott District Court*—HON. W. F. BRANNAN, Judge.

### WEDNESDAY, MAY 13, 1896.

ACTION at law, aided by an attachment, upon four promissory notes. The defendant admitted the execution of the notes, but denied that he was to pay interest on the same, and pleaded a counter-claim for work and labor done, for property sold and delivered, for rent of land, for the wrongful and malicious suing out

of the writ of attachment, and for various other matters not necessary to be here mentioned. And he asked reformation of the notes in suit, and judgment for the amount of his various counter-claims. The plaintiff replied, denying the counter-claims, and pleading that when defendant performed the services for which he seeks to recover, he was a member of plaintiff's family, and that he did not expect compensation therefor. Various other matters were pleaded in the reply, which need not be here set out. By agreement of the parties, the case, on the issues thus joined, was referred to arbitrators, and they, after hearing the evidence, made an award in favor of plaintiff in the sum of nine hundred and sixty-seven dollars and ninety cents. Defendant filed a motion in the district court to set aside this award, and plaintiff filed a motion for judgment thereon. Defendant's motion was overruled, and plaintiff's was sustained, and judgment was rendered as recommended by the arbitrators. Defendant appeals.—*Affirmed.*

*Ambrose P. McGuirk* for appellant.

*Heinz & Fisher* for appellee.

DEEMER, J.—To set aside the award of the arbitrators and review the judgment of the court below, the defendant relies upon errors of the arbitrators in refusing to allow certain of the defendant's items of counter-claim, and of the court, in refusing to set aside the award. It may be well, at the threshold of the case, to state certain rules of law, applicable to arbitrations, that we may the better apply the facts as they may hereafter appear. The submission seems to have been made under the statute (Code, section 3419); and to entitle a party to have an award set aside on the ground of mistake or fraud, he

must not only clearly show the mistake or fraud, and that he was prejudiced thereby, but also that, if it had not occurred, the award would have been different. *Tomlinson v. Tomlinson,* 3 Iowa, 575; *Gorham v. Millard,* 50 Iowa, 554. An award has the same force and effect as the verdict of a jury (Code, section 3428), and every reasonable presumption is in favor of the correctness of the arbitrators' determination. *Tomlinson v. Hammond,* 8 Iowa, 40. The mode in which the arbitration is conducted, and the methods of procedure adopted, will not be reviewed by the courts, except in clear cases of error, mistake, fraud, or partiality.

With these rules determined, we now proceed to a consideration of the errors complained of. It is contended that the arbitrators were in error in refusing to allow defendant anything on his counter-claim for the wrongful suing out of the attachment. In support of the claim, it is said that, the undisputed testimony shows that the attachment was wrongful. This question was considered by the arbitrators, and they evidently determined that defendant had not made out his claim. What their determination should have been, or what we would have done under the same showing, is not a question here presented. But was there such lack of evidence on the part of the defendant, or such a showing on behalf of appellee, as that they could fairly have arrived at the conclusion they did; or is it the result of passion or prejudice? And would we have set aside the verdict of a jury had it made such a finding on the same record? We think there is such a showing as that the arbitrators were justified in making the finding they did on this issue. While the facts relied upon to show the truth of the matters stated as ground for the attachment, are not strong, and may not in themselves have been sufficient, yet we cannot say, in view of all the surrounding circumstances,

that the attachment was unwarranted. Moreover, it appears that before commencing his suit plaintiff submitted the facts to counsel learned in the law, and was advised by him to commence an attachment suit. The arbitrators may well have found this a complete defense to exemplary damages. *Raver v. Webster*, 3 Iowa, 502; *Hurlbut v. Hardenbrook*, 85 Iowa, 606 (52 N. W. Rep. 510). And as the attachment was levied upon certain real estate, and there is no evidence that defendant suffered any damage by reason of the levy, there was no reason for allowing anything more than nominal damages. We have uniformly held that we will not reverse a case because the lower court failed to allow nominal damages.

Appellant's next contention is that the court erred in not allowing him compensation for services performed for appellee. It seems that this claim of defendant was refused upon one of two grounds: *First*, that defendant was a member of the plaintiff's family when he performed them; or, *second*, that he performed them gratuitously, and without expectation of reward. Or it may be that the arbitrators found that these claims were settled if they ever had any validity. The rules of law relating to such matters are well understood. For instance, it was held by this court in the case of *Allen v. Bryson*, 67 Iowa, 592 (25 N. W. Rep. 820), in accordance with elementary principles, that when services are rendered in exchange of courtesies, or as a matter of accommodation, without charge or expectation of payment or reward, they cannot be made the basis of a recovery. We have also held many times that when the person rendering the services is a member of the family of the one served, and is receiving support therein, the law presumes the services were gratuitous, and, before recovery can be had, it must be shown that there was an expectation

that compensation should be made. *Scully v. Scully,* 28 Iowa, 548; *Harper v. Kissick,* 52 Iowa, 733 (3 N. W. Rep. 449); *Smith v. Johnson,* 45 Iowa, 308; *Cowan v. Musgrave,* 73 Iowa, 384 (35 N. W. Rep. 496). The arbitrators may well have found that the defendant was a member of plaintiff's family during the time for which he claims compensation for his services, and that his labor was a mere gratuity, rendered without promise or hope of reward; or, if not a member of the family, that there was no intention on the part of the defendant to charge therefor. We will not set out the evidence from which this conclusion may have been arrived at. It is sufficient to say that there was enough on the point to justify the conclusion reached. Moreover, it appears from the evidence that defendant made notes from time to time to plaintiff for various amounts, which he admitted to be due, and there were also settlements had between the parties from time to time. It will be presumed, of course, from these transactions, that all matters of account between the parties were adjusted at the time these settlements were had, and the burden was upon the defendant to show that the items in dispute were, through mistake or oversight, not taken into account. Defendant failed to overcome this presumption. The preponderance of the evidence shows that there were settlements from time to time, and no mention was made by defendant of any claim for services.

Complaint is made of the allowance of interest upon plaintiff's notes. The record affirmatively shows that the interest account was offset by the defendant's claim for rent. Nothing more need be suggested than to say that the arbitrators were justified in thus disposing of the claim.

It is further argued that the arbitrators did not pass upon many of the claims submitted to them.

This contention is based upon the inference that they did not because they do not, in their award, specifically mention the different items of counter-claim pleaded by defendant. We do not think this a fair deduction. The presumption is, that the arbitrators passed upon each and every item in issue, and this presumption is aided by the fact that they made an accounting, and recommended a net sum for which plaintiff should have judgment. If there is any presumption in the case, it is that the arbitrators did their duty, and considered the whole case. *District Township v. Rankin*, 70 Iowa, 65 (29 N. W. Rep. 806). We have considered all the points relied upon by appellant in his brief, and conclude that there is no reason for disturbing the judgment.—AFFIRMED.