NEW SHARON CREAMERY CO., Appellant v. E. S. KNOWLTON, Appellee.

Attachment: WRONGFUL LEVY: DAMAGES. The mere levy of a writ of attachment upon real estate without other evidence of actual injury will not sustain a recovery of substantial damages therefor.

*Appeal from Mahaska District Court.*— HON. JOHN T. SCOTT, Judge.

THURSDAY, JULY 12, 1906.

REHEARING DENIED, FRIDAY, JANUARY 18, 1907.

ACTION at law to recover contract price of certain dairy separators. The defendant admitted the account or claim sued upon, and pleaded a counterclaim on attachment bond. There was a verdict and judgment for defendant, and plaintiff appeals.— *Reversed.*

*S. V. Reynolds* and *John O. Malcom,* for appellant.

*George W. Lafferty* and *Frank T. Nash,* for appellee.

WEAVER, J.— After the commencement of this action the plaintiff sued out a writ of attachment and caused it to be levied upon certain lands belonging to the defendant. The counterclaim alleges that the writ was procured wrong-fully, maliciously, and without reasonable cause, and demands damages, not only for the time and expense incurred by defendant in contesting the attachment, but for injury resulting to plaintiff's credit and business standing and for loss of profits in his business. Testimony was introduced bearing on each of these alleged items of damage, but the trial court in its charge withdrew from the consideration of the jury all counterclaims except for the matter of time lost and expense incurred in contesting the attachment. As the plaintiff alone appeals, the material and decisive inquiry is whether there is any testimony justifying the submission of this last-mentioned item to the jury.

The record discloses no evidence showing or tending to show that the appellee was dispossessed of the land levied upon, nor that he was in any manner disturbed or interfered with in the use and enjoyment of his property by reason of the levy of the writ. It is not claimed that he lost a sale of the land by reason of the attachment, nor that the market value thereof was depreciated by reason of appellant's wrong in causing such levy. Indeed, there is not the slightest evidence that appellee did not at all times up to the day of the trial have and enjoy

the beneficial use and enjoyment of his property as fully and completely as though the writ had never been issued. Under such circumstances we regard it the settled rule of this State that wrong done by the mere issuance and levy of a writ of attachment upon real estate, without other evidence of actual injury, will not sustain a recovery of substantial damages. *Tisdale v. Major,* 106 Iowa, 1; *Britson v. Tjernagel,* 90 Iowa, 356; *Tank v. Rohweder,* 98 Iowa, 154. See, to the same point, *Imperial Mill Co. v. First Nat. Bank,* 5 Tex. Civ. App. 686 (27 S. W. 49) ; *Trawick v. Martin,* 79 Tex. 461 (14 S. W. 564) ; *State v. Springer,* 45 Mo. App. 252; *Elder v. Kutner,* 97 Cal. 490 (32 Pac. 563). It is elementary, also, that if actual damages be not shown exemplary damages cannot be allowed. If the writ was wrongfully sued out, and had been levied under circumstances which would have entitled appellee to the discharge of the levy in whole or in part upon motion, and he had pursued that remedy, it is very likely that for time lost and expense incurred in thus relieving the property from the writ he could recover by counterclaim upon the bond. But we have no such case here. So far as appears, appellee has done no more than to assert the wrongfulness of the writ as a basis of the counterclaim upon the bond, without showing any actual damage, except the loss and expense pertaining to the pleading and trial of such counterclaim. We feel quite confident that no authority can be found to sustain a recovery under such circumstances.

As to the rule applicable to wrongful attachments of personal property we need not inquire, for it is not involved in this appeal; but even there it may be said there must be some showing of actual loss or injury before damages are recoverable. *Fullerton v. Spencer,* 81 Iowa, 549. Our conclusion that there was no testimony on which to base a recovery of damages in favor of appellee renders it unnecessary for us to consider other questions argued.

For the reasons stated, the judgment of the district court is *reversed.*