ALBRO ARMENTROUT, Appellee, v. THOMAS BALDWIN and CLARA A. BALDWIN, Appellants.

**Appeal:** MOTION FOR AFFIRMANCE: WAIVER OF DEFECTS. Where the appellant attempted to dismiss his appeal because prematurely brought, but filed his dismissal with the clerk of the district court rather than with the clerk of the supreme court, and thereafter and within proper time took a second appeal, the appellee, with knowledge of the facts, waived his right to insist on a motion for affirmance of the judgment because of failure to file the abstract in time; the motion for affirmance not having been filed until the third term after the abstract was due under the first appeal.

Attachment: DEPRECIATION IN VALUE OF PROPERTY: EVIDENCE. In this suit upon an attachment bond the evidence is held insufficient to show a depreciation in the value of the property attached pending the attachment.

Same: DAMAGES: EVIDENCE. Where the pleadings in an action upon an attachment bond made no claim for expense incurred in consulting attorneys with a view of having the attachment released, but by specifying the items of damage impliedly excluded such a claim, evidence thereof was not admissible.

*Appeal from Cedar District Court.*—HON. W. N. TREICHLER, Judge.

TUESDAY, JANUARY 13, 1914.

ACTION at law upon a promissory note. A writ of attachment was sued out therein. An independent action was brought by the defendants against the plaintiff upon the attachment bond. These actions were consolidated, and were tried together under title of the first case; the second being treated as a counterclaim in the first. There was a directed verdict for the plaintiff, and the defendants appeal.—*Affirmed.*

*Remley & Calkins,* for appellant.

*R. R. Leech* and *E. A. Johnson,* for appellee.

EVANS, J.—The plaintiff brought his action upon a note not yet due. He asked for a writ of attachment, but did not ask for judgment prior to the maturity of the note. The defendants interposed no defense to the note, but prosecuted only their cross-action on the attachment bond for damages for the wrongful issuing of the attachment. The consolidated case was tried in December, 1911. On December 7, 1911, judgment was entered dismissing the cross-action and taxing the costs to the defendants. The main action was continued to a future day, awaiting the maturity of the note.

On December 7, 1911, the defendants perfected an appeal to this court from the judgment entered on such date, and shortly thereafter filed a supersedeas bond in the office of the clerk of the district court, and stayed the judgment thereby.

I. The appellee has filed a motion in this court to dismiss the appeal because the appellants failed to file their abstract in this court in time for the May, 1912, term, as required by the rules. Appellants' resistance to this motion is based upon the claim that on April 15, 1912, they dismissed their first appeal, and that on April 23, 1912, they served a second notice of appeal, and that such second notice was within six months from the date of judgment; that under the appeal then perfected, they filed their abstract within the time provided by the rules. The contention of appellee is that the attempted dismissal of the appeal on April 15, 1912, was ineffective, in this: That it was filed only in the office of the clerk of the district court, and not in this court.

It may be conceded that the method adopted by the appellants was not technically the proper method of dismissing an appeal pending in this court. The method adopted, however, was sufficient to be binding upon the appellants themselves. The appellants contend that the conduct of the appellee, with knowledge of such attempted dismissal, was such as to amount to a waiver of any defect in the method adopted, and to a waiver of his right to ask an affirmance for failure to file an abstract under the first appeal. Certain conceded correspondence between the attorneys of the parties is set out. Under the first notice of appeal an abstract was due from the appellants in time for the May, 1912, term. The dismissal of the first appeal purported to be made upon the ground that it was prematurely taken before the actual entry of judgment. The second notice of appeal was served upon the appellee upon April 23d. If the present position of appellee is tenable, he was entitled to present his motion to affirm at the May, 1912, term. He did not do so. In August, 1912, and

1. APPEAL: motion for affirmance: waiver of defects.

before appellants' abstract was filed, the correspondence referred to shows that counsel for appellee required that a new supersedeas bond should be filed under the second appeal, or that the first bond should be refiled therein. This demand was complied with by appellant. Thereafter the appellants filed their abstract. Following this, counsel for appellee requested time to prepare amended abstract, and such request was granted. Such amendment was filed on October 31st. The larger part of this amended abstract dealt with the merits of the case, and was not material to a consideration of the point now made. Appellee presented to this court no motion to affirm at the September term; nor yet at the January, 1913, term until March 13th, being the third period of such term. No explanation is offered for such delay. Pending such delay, the appellants incurred large expense in preparing their case for submission on its merits, and the appellee knew it. We think the conduct of the appellee was a clear waiver of his right, if any, to an affirmance on motion.

In *Newbury v. Lumber Company*, 106 Iowa, 152, we said: "We are not to be understood as holding that the appellee, in all cases in which the appellant has failed to file an abstract within the time limited, and further time has not been granted, will be entitled to a dismissal or affirmance, on the filing of a motion with the necessary abstract or transcript. It is undoubtedly true that the right to a dismissal or affirmance may be waived by agreement or consent, or by failing to insist upon it, and perhaps in other ways, and that the appellee may be estopped by his conduct to assert the right."

In *McDermott v. Hacker*, 109 Iowa, 241, we said: "For more than two years appellees withheld this motion, and thereby induced appellant to incur expense in the preparation of her abstract and argument, in the belief that the appeal would be heard on its merits. Such laches should not be rewarded, but appellees should be held to have waived their right to interpose this motion when they did. The motion is overruled."

Appellee's motion to affirm will therefore be overruled.

II. As already indicated, the only contest in this case in the court below was upon the cross-action on the attachment bond. In their cross-action on the attachment bond, appellants first claimed a lump sum of $2,200 damages "actual and exemplary." Later they filed an amendment, specifying their actual damages in two items, namely, "$10 by having to procure a loan by reason of the attachment, and that the property levied upon suffered depreciation in value in amount of $500, and plaintiffs are damaged thereby in that sum." On the trial, at the close of appellants' evidence, the trial court directed a verdict against the appellants, and entered a judgment dismissing their counterclaim. Appellants' contention on this appeal is that their evidence was sufficient to entitle them to go to the jury. On the question whether the attachment was wrongfully sued out, the evidence was sufficient to make a jury question. On the question of damages, however, the record is barren of proper evidence.

III. No evidence was offered in support of the item of $10 expense in procuring a loan. Neither was there any evidence offered of any depreciation in the value of the attached real estate pending the attachment. The attachment was levied upon real estate only, and without the disturbance of any right of use or possession thereof. The real claim made on the trial at this point was that the pendency of the attachment proceedings defeated a proposed sale and purchase of the farm. This was not the claim made by the appellants in their petition and amendment. The testimony of the appellant, Thomas Baldwin, the owner of the land, was that a few weeks before the trial he had been offered $120 an acre for his farm, but that he had demanded $122.50 therefor. No agreement was reached as to price. There was no meeting of the minds of the proposed purchaser and seller. Baldwin testified, also, that two weeks later the same purchaser offered him $110 only for his farm. This is the testimony upon which the claim of

2. ATTACHMENT: depreciation in value of property: evidence.

depreciation is based. Baldwin also offered to testify that the reason for the change in bid was the attachment levy. Appropriate objection to this offered evidence was sustained. The proposed purchaser was not offered as a witness. If it was proper at all to prove depreciation in this way (a point we need not decide), it' is manifest that the purchaser himself could furnish the best evidence of the reasons which operated upon his mind in refusing to accede to the seller's price. We think the evidence was not sufficient to show any depreciation in the value of the land pending the attachment.

Evidence was offered by the appellant Thomas Baldwin to the effect that he had lost time and incurred expense in counseling with attorneys with a view to getting a release of 3. SAME: damages: evidence. the attachment. The trial court rejected much of such evidence, and finally ignored such thereof as was admitted. Such evidence was clearly inadmissible under the pleadings. No claim of such kind was made in the pleadings. On the contrary, it was excluded by implication by the specification of items of actual damage made in the amended petition. To say the least, appellants' pleading would fairly bear this construction. The sum of the situation therefore is that no damages were proved. In such state of the record the case is ruled by *New Sharon Creamery Company v. Knowlton,* 132 Iowa, 672. To the same effect is *Ames v. Chirurg,* 152 Iowa, 278. These cases sustain the ruling of the trial court.

IV. Inasmuch as we overrule the appellee's motion to affirm, the costs incident to the presentation of such motion must be taxed to appellee. If the parties cannot agree upon the amount of such taxation, we will determine it upon a motion and showing from either party.

The judgment below will be *Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concurring.