JOHN THIELEN, Appellee, v. MARTIN SCHECHINGER, SR., et al., Appellants.

No. 40459.

DECEMBER 9, 1930

*White & White,* for appellants.

*Bennett Cullison,* for appellee.

WAGNER, J.—The plaintiff brings this action to recover the amount due upon a promissory note in the principal sum of $5,000. The action was aided by a writ of attachment which was levied upon 240 acres of real estate belonging to the defendant Martin Schechinger, Sr. As grounds for the writ of attachment, the plaintiff alleged in his petition:

"That the defendants failed to pay or secure said note, and that they are disposing of their property with intent to defraud their creditors and the plaintiff herein."

The defendants in their answer admit the execution of the note, and that the same is due, unsecured, and unpaid. They filed a counterclaim for damages based upon the attachment bond, in which counterclaim they aver, in substance, that the attachment was wrongfully sued out, without proper grounds, and without reasonable or probable cause to believe the truth of the ground upon which the same was issued.

It will be observed that the defendants made no contest as to their liability upon the note. At the close of defendants' evidence, on motion of the plaintiff, the court directed a verdict against the defendants for the amount due upon the note, according to its terms, and also directed a verdict against the defendants on their counterclaim. From the judgment rendered, the defendants have appealed. The defendants urge as grounds for reversal the sustaining of the motion for a directed verdict against them on the counterclaim, and certain rulings of the court relative to the introduction of evidence.

The appellant Martin Schechinger, Sr., the owner of the 240 acres upon which the attachment was levied, was asked, as a witness, "What effect did it [the levy of the attachment] have

 on the possible sale of the farm?" Appropriate objection was made by the plaintiff, and sustained by the court. The ruling was correct. The question called for an answer which would necessarily have been wholly speculative and conjectural. The testimony fails to reveal that there had been any negotiations whatever between the defendant and any prospective purchaser for the farm. In *Armentrout v. Baldwin*, 163 Iowa 410, it was claimed that the attachment proceedings defeated a proposed sale of a farm. The owner there testified that he had a previous bid on the farm by a prospective purchaser, and that, two weeks later, he was offered by the same purchaser a lesser sum; and the owner offered to testify that the reason for the change in bid was the levy of the attachment, which offer was by the court excluded. We there said:

"The proposed purchaser was not offered as a witness. If it was proper at all to prove depreciation in this way (a point we need not decide), it is manifest that the purchaser himself could furnish the best evidence of the reasons which operated upon his mind in refusing to accede to the seller's price."

In the instant case, it is not even shown that there was any prospective purchaser for the farm. The trial court, in sustaining the objection, was clearly right. Moreover, it is not  shown what the answer to the question propounded would have been, and it is the universal holding of this court that, in this condition of the record, no prejudicial error is shown.

Because of the decisive question in this case, to be hereinafter considered, the other rulings of the court, on the introduction of testimony concerning which complaints are made, become immaterial, and need not be specifically mentioned.

The defendants testified that they employed the firm of White & White to bring suit for damages on the attachment bond, and that their expense and time lost relative thereto were  reasonably worth the sum of $25. Said amount cannot be recovered in an action upon the attachment bond. It must be borne in mind that the defendants made no defense as against plaintiff's cause of action, and in no way attempted

to procure a discharge of the attachment or a release of the attached property. The defendants, in their answer and counterclaim, make no such contention. The compensation allowable in such cases for loss of time and expense in consulting attorneys. is limited to such as is reasonably necessary to procure a discharge of the attachment or a release of the attached property. See *Massena Sav. Bank v. Garside,* 151 Iowa 168; *New Sharon Cream. Co. v. Knowlton,* 132 Iowa 672. In *New Sharon Cream. Co. v. Knowlton,* 132 Iowa 672, we said:

"If the writ was wrongfully sued out, and had been levied under circumstances which would have entitled appellee to the discharge of the levy in whole or in part upon motion, and he had pursued that remedy, it is very likely that for time lost and expense incurred in thus relieving the property from the writ he could recover by counterclaim upon the bond. But we have no such case here."

It must also be borne in mind that the attachment was levied only upon real estate, the 240-acre farm. The dominion and possession of the owner thereof were in no way disturbed by the levy of the writ. He was not prevented from receiving the income and profits therefrom. The owner at all times had the beneficial use and enjoyment of his property as fully and completely as though the writ had never been issued. Under such circumstances, no other damage being shown, there can be no recovery of actual damages. See *Ames v. Chirurg,* 152 Iowa 278; *New Sharon Cream. Co. v. Knowlton,* 132 Iowa 672; *Braland v. Christenson* (Iowa), 171 N. W. 22 (not officially reported); *Armentrout v. Baldwin,* 163 Iowa 410; *Britson v. Tjernagel,* 90 Iowa 356; *Tank v. Rohweder,* 98 Iowa 154. As stated in *New Sharon Cream. Co. v. Knowlton,* 132 Iowa 672:

"Indeed, there is not the slightest evidence that appellee did not at all times up to the day of the trial have and enjoy the beneficial use and enjoyment of his property as fully and completely as though the writ had never been issued. Under such circumstances we regard it the settled rule of this state that wrong done by the mere issuance and levy of a writ of attachment upon real estate, without other evidence of actual injury, will not sustain a recovery of substantial damages. * * *

It is elementary, also, that, if actual damages be not shown, exemplary damages cannot be allowed.''

The appellants make some contention relative to attorney fees. Here again, they are claiming the same for services rendered solely for the preparation for trial and prosecution of the counterclaim. As hereinbefore stated, no service was rendered in attempting to procure a discharge of the writ of attachment or a release of the attached property. Under such circumstances, they are not entitled to attorney fees as an element of damage for recovery upon the attachment bond. See *Peters v. Snavely-Ashton*, 144 Iowa 147, 161. When the only service rendered by the attorney is for the prosecution of the counterclaim on the bond, then, in event of recovery upon the counterclaim, and only in such event, the attorney fees for such service are taxed by the court as a part of the costs. See Section 12090, Code, 1927; *Peters v. Snavely-Ashton*, 144 Iowa 147, 161.

If it be assumed that the jury could have found from the evidence that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true, yet, under the record, nominal damages are all that the defendants would be entitled to recover, in any event, on a verdict in their favor; and it has been the universal holding of this court that we will not reverse a case merely to give the appellant an opportunity to recover nominal damages. See *Tank v. Rohweder*, 98 Iowa 154; *Crawford v. Bergen*, 91 Iowa 675; *Watson v. Van Meter*, 43 Iowa 76; *Portman v. Klemish*, 54 Iowa 198; *Rowley v. Jewett*, 56 Iowa 492; *Phenix Ins. Co. v. Findley*, 59 Iowa 591; *Wire v. Foster*, 62 Iowa 114; *Jones v. Register & Leader Co.*, 177 Iowa 144. As said in *Tank v. Rohweder*, 98 Iowa 154:

''And as the attachment was levied upon certain real estate, and there is no evidence that defendant suffered any damage by reason of the levy, there was no reason for allowing anything more than nominal damages. We have uniformly held that we will not reverse a case because the lower court failed to allow nominal damages.''

Since we find no reversible error in the record, the judg-

ment of the trial court is hereby affirmed.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.